## KIRBY ET AL. v. GARRISON.

1. Suit on limit bond against surety. *Held,* that the plea of bankruptcy was a good defence, the debtor having, subsequently to giving such bond, become a certificated bankrupt. The discharge of the principal as a bankrupt operated as a release by act of law.

2. A plea of bankruptcy must conclude with a verification and not to the country.

Debt on bond ; demurrer to pleas.

Argued before the CHIEF JUSTICE, and Justices CARPENTER and RANDOLPH.

This action was brought against the surety on a limit bond, dated March 1, 1841, given to the Sheriff of Passaic, and by him assigned to the plaintiffs. The bond was conditioned, that one DeWitt, who had been surrendered by his bail, and was then in custody of said Sheriff, should keep within the prison limits of the said county, and not walk out of, or depart the same, until discharged by due course of law. The plaintiffs set out the condition and breach in their declaration, to which the defendant pleaded four pleas. 1st, *Non est factum.* 2dly, That the said DeWitt did well and truly keep within the prison lim-

its of the said county, and did not walk out of or depart the same until he was discharged by due course of law. In the third and fourth pleas the defendant pleaded the discharge of the said De Witt as a bankrupt by the District Court of the United States for the District of New Jersey; and that the said De Witt was thereby discharged from the judgment debt obtained against him by the said plaintiffs prior to said discharge in bankruptcy, and upon which he had been committed to the custody of the said sheriff. In the fourth plea the defendant further averred that the said De Witt did well and truly keep within the said prison limits, &c., and did not walk out of or depart from the same until after the said discharge in bankruptcy : concluding each plea to the country. The plaintiffs demurred specially to the third and fourth pleas.

*J. Chetwood* for plaintiff.

The third and fourth pleas are informal. Insufficient in substance; discharge in bankruptcy no defence to this action Surety cannot avail himself by plea of discharge of principal. 1 *B. & P.*, 448; 2 *Ib.* 45. Pleas do not show that De Witt was ever discharged by due course of law from the prison limits.

*W. Pennington*, contra, cited *Mills* v. *Sleight*, 2 *South*, 565 ; *State* v. *Ward*, 3 *Halst.* 120 ; *Skilman* v. *Baker*, 3 *Har.*, *R.* 134.

CARPENTER J. delivered the opinion of the court.

The plaintiffs on the first day of September, 1840, obtained a judgment in this court, against one De Witt, and process having been issued thereon, De Witt was surrendered by his bail into the custody of the sheriff of the county of Passaic. On 1st March, 1841, De Witt obtained the benefit of the limits marked out and prescribed by the Judges of the Court of Common Pleas of that County, upon entering into a limit bond with Cornelius G. Garrison, the defendant, as his surety. On the 13th May, 1843, De Witt obtained his discharge and certificate as a bankrupt, and subsequently left the limits to which he had been restricted under the condition of his bond. An action was

thereupon brought upon the limit bond against Garrison, who has set up in his third and fourth pleas the discharge and certificate of De Witt as a bankrupt.

Had the defendant in the first action been in strict custody, and discharged by the Sheriff, it might be doubtful whether the Sheriff could raise this defence by way of plea to an action against him for an escape. In *Sherwood* v. *Benson*, 4 *Taunt.* 631, which was an action against the Sheriff for an escape, the officer sued, had discharged the bankrupt, who was in execution on a *ca. sa.* issued at the suit of a plaintiff, the cause of which had accrued before bankruptcy, upon his producing his certificate and demanding his release. The English statute (5 *Geo.* 2 *c.* 30. Re-enacted *Stat.* 6, *Geo.* 4, *c.* 16, § 126 ; See *Archb. B. L.* 204, *Lond. Ed.* 1829 ; *Eden.* 424, 427 *Law Lib. Ed.*) contains a provision prescribing a mode by which a certificated bankrupt in execution may obtain his discharge. If taken in execution, or detained in prison on a judgment obtained before the allowance of his certificate, so that he had no opportunity to plead it, any one of the judges of the court, in which the judgment was obtained, might discharge him from custody. In the case cited, a motion was made in behalf of the Sheriff to stay proceedings on payment of costs, because, as alleged, the plaintiff could not recover anything beyond nominal damages, and the payment of costs would put him in as good a situation as he would be in, either in case of his recovery in the action, or in case of the bankrupt having been discharged by a judge's order. But the court refused to grant the motion. This application to the equitable consideration of the court seems to have proceeded upon the ground that the discharge of the bankrupt could not be set up as a legal defence by plea. (See *Eden on Bankruptcy*, 427.) No provision on the subject is contained in the late bankrupt act of 1841, though doubtless the discharge might be obtained by writ of *habeas corpus,* or other legal mode : for it could never be permitted that the bankrupt, after obtaining his certificate, should be held in custody without the means of relief, or the Sheriff be obliged to take upon himself the hazard of the certificate being impeached for fraud or wilful concealment.

VOL. I.                    M

However this may be, the present case does not stand upon precisely the same footing as that of a defendant in strict custody, who has become a certificated bankrupt. The bankrupt, it is true, was in custody upon execution, yet it was but a constructive custody. He was restrained, not by the power and will of the Sheriff, for he was subject to no control by him, and could receive from him no relaxation of his restraint. He was restrained only by the condition of the bond, which would be forfeited by his departure beyond the gaol limits, unless first discharged by due course of law. Not being in actual custody, we do not see how the bankrupt could be relieved by writ of *habeas corpus.* To whom could the writ be directed? Not, it would seem, to the Sheriff; for the debtor having been discharged upon his bond, was no longer in his custody or under his control. We do not perceive how the debtor could be relieved from the strict performance of the condition of this bond, notwithstanding his discharge as a bankrupt, unless such discharge be set up as a plea to this action; which we apprehend may be done.

De Witt was in custody in order to enforce the payment of the judgment obtained against him. The bond was conditioned to keep within the prison limits of the county, and its object was to retain him until the judgment should be satisfied, or until he should be discharged by due course of law. To coerce him to pay off and satisfy this judgment debt was then the substance and intent of this bond. While so held, he became a certificated bankrupt, and the judgment debt was discharged, except so far as any lien may have been saved under the proviso in the bankrupt law. The act declares that the discharge and certificate, when duly granted, shall in all courts of justice, be deemed a full and complete discharge of all debts, contracts, and other engagements of such bankrupt, which are provable under the act, and shall and may be pleaded as a full and complete bar to all suits brought in any court of judicature whatever, unless the same shall be impeached for fraud, &c. This judgment was provable under the act, and consequently discharged. The object of the bond no longer existed when the debt had been discharged. If the debt was discharged and the judgment satisfied, to enforce the payment of which the bank-

rupt had been previously held in custody, for what purpose shall the bond be retained ? But it is said that the certificate is not conclusive, and may be impeached for fraud and wilful conceal- ment, and that the bankrupt may not be entitled to discharge from custody. If so, he leaves the prison limits in his own wrong and the surety may be held liable. The plaintiffs in this action may reply fraud, and it is difficult to see how they can test the honesty and fairness of the surrender by this bankrupt in any other proceeding. We are therefore of the opinion, that if the pleas do not shew a strict performance in the words of the condition, yet that they shew a release by act of law, and that the discharge as a bankrupt may be set up as a bar to an action on this bond. The case of *Skilman* v. *Baker* (3 *Har. R.* 134), although not exactly in point, lends great aid to this conclusion.

But the pleas are informal. The form of this plea was lately settled in this court in the case of *Price* v. *Bray*,\* not yet report- ed, and it is therefore not necessary to discuss the form of the present pleas at length. It will be sufficient for the present pur- pose to advert to one particular to which our attention has been specially directed. These pleas concluded to the country : they should conclude with a verification, or the plaintiffs can have no opportunity to reply fraud. The pleas demurred to, must therefore be overruled for this defect in form.

Pleas overruled.

\* See ante p. 13.