CATHARINE R. SAVAGE, PLAINTIFF, v. PUBLIC SERVICE RAILWAY COMPANY, DEFENDANT.

Argued May 4, 1927—Decided May 23, 1927.

Where plaintiff applied to a single justice of the Supreme Court to vacate a judgment of *non pros.,* which motion was denied with leave to apply to the proper branch of the court for such relief, and the plaintiff then waited for over three years from the entry of the judgment before applying to the Supreme Court for such

relief, the court will decline to vacate the judgment where the long delay in making the application is not satisfactorily explained to the court.

---

On motion to vacate judgment of *non pros.* denied, on the ground of apparently inexcusable laches in making the application.   On motion to vacate judgment of *non pros.* and reinstate cause for trial.

Before Justices PARKER and CAMPBELL.

For the plaintiff, *Hervey S. Moore.*

For the defendant, *William H. Speer.*

The opinion of the court was delivered by

PARKER, J.   The plaintiff applies for the opening of a judgment of *non pros.* which was apparently entered upon the consent in writing of her then attorneys of record; and for the reinstatment of the cause for trial.   A similar motion was denied by the Chief Justice in November, 1924, with leave to renew the application to part III of the Supreme Court.   The present application—May 3d, 1927—is made as amounting to such renewal.

Without taking time to examine the file of the case in the clerk's office, the chronology of proceedings seems to be about as follows:

Plaintiff claims to have been injured when a passenger on a street car of the defendant November 25th, 1918.   She was then, and still is, a resident of Pennsylvania.   She retained a Philadelphia lawyer named Brady, and through him the firm of Schlosstein & Steinhardt, of Newark, who began suit sometime in 1919.   The defendant answered, reserving the right to move at the trial to strike out the complaint.   The trial was called on November 14th, 1919, such motion was made, and the complaint was struck out. Plaintiff appealed to the Court of Errors and Appeals and the case was submitted on briefs at the November term, 1920, and the judgment below reversed on February 28th, 1921.   *Savage* v. *Public Service Railway Co., 95 N. J. L.* 432.

The next move in the case in this court was in March, 1924. We assume that after the *remittitur,* notice of trial was given from term to term. In May, 1922, according to plaintiff's affidavit, Brady told her there would soon be a trial; in October, 1922, she was told, at the office of Schlosstein & Steinhardt, that the trial would probably be called in February, 1923. The cause was noticed for April term, 1923, and not tried. Apparently, it was not noticed for September or December term, 1923. On March 8th, 1924, pursuant to notice, defendant moved · before the Chief Justice for a judgment of *non pros.;* and, according to the affidavit of defendant's attorney submitted on the present motion, a *non pros.* was ordered by the consent in writing of both Brady and the Newark firm.

At this stage the plaintiff seems to have discharged Brady and employed another Philadelphia lawyer named Roberts, who retained Mr. David, of Elizabeth. David was substituted on the record sometime in May or June, 1924, and on June 23d, 1924, served notice of an application to vacate the judgment of *non pros.* This hung over till November 22d, 1924, when it was argued before the Chief Justice and denied, with leave to apply to the proper branch of this court. Mr. David asked his client for a payment on account and it was refused. He then said he preferred not to go on with the case, and, in November, 1925, at the request of Roberts, returned all papers to him. He remained attorney of record, however, till July 20th, 1926, when Mr. Moore, of Trenton, was substituted. Moore wrote defendant's attorneys early in October, 1926, but took no step in the cause until February 9th, 1927, when, the January, 1927, term of this court being over, he gave notice of this motion for the present May term, after a hiatus in the proceedings of about two years and a half since the Chief Justice refused to vacate the *non pros.* and over three years since that judgment was entered by consent of plaintiff's attorneys, though, as she claims, without her knowledge.

The old rule that a default judgment would not be opened if the opposing party had lost a term had at least the adtantages of definiteness and certainty. *Miller* v. *Alexander,*

1 *N. J. L.* 400. The court refused to recognize it in *Bell* ads. *Kelly,* 17 *Id.* 270, in which, however, this court (at *p.* 273) declared the important proviso that "the party has not slept on his rights, but has embraced the first opportunity he had of presenting his case; and it ought perhaps to be added, provided, also, the court can hear the [party] without · endangering the rights of the [other party] as against him." And, so, in *Cooper* v. *Galbraith,* 24 *Id.* 219, the court said: "If a defendant suffers a term to elapse after a judgment regularly obtained against him, the court will not interfere summarily to set aside the judgment, unless such delay is very satisfactorily accounted for." In this case it is a plaintiff; but no reason appears for the application of a different rule on that account.

We are quite unable to see any reasonable excuse for the long delay in bringing on this motion. Assuming for present purposes that it was meritorious when made before a single justice of this court in November, 1924, it was denied, and that denial stood unless on application to the court *in banc* a contrary ruling was made. We do not stop to consider the question whether the refusal to open the judgment was of such a discretionary character as not to be subject to review by the court itself. *Key* v. *Paul,* 61 *N. J. L.* 133; *First National Bank* v. *Jones,* 44 *Id.* 60; approved in *State Mutual Building and Loan Association* v. *Williams,* 78 *Id.* 720 (at *p.* 723). Nor do we lay stress on the fact that this application is made on *ex parte* affidavits, a practice condemned in *Cooper* v. *Galbraith, supra.* Passing these matters of procedure, which might well be invoked as supporting a refusal of the present motion, it seems plain that the long delay without satisfactory excuse should impel the court to refuse to reinstate a case now eight years old, which may well have been marked off the defendant's books and in which material witnesses may have died or disappeared. After the refusal to open in November, 1924, seven terms of this court were suffered to pass without any move. *Interest rei publicæ ut sit finis litium.*

The application is denied, with costs.