WEST JERSEY TRUST COMPANY, TRUSTEE, PLAINTIFF-APPELLANT, v. OSCAR V. BIGHAM AND MARY V. BIGHAM, DEFENDANTS-RESPONDENTS.

Argued February 3, 1937—Decided April 30, 1937.

For the plaintiff-appellant, *Charles A. Cogan* and *Louis B. LeDuc.*

For the defendants-respondents, *Bourgeois & Coulomb* and *William B. Hunter.*

The opinion of the court was delivered by

BODINE, J.   The appellant trust company foreclosed a mortgage made by the defendants and purchased the premises for $100.   It then proceeded to enter in the Supreme Court a judgment for the deficiency.   Later, the Court of Chancery opened its prior order confirming the sale of the premises and fixed the fair value in accordance with the practice of that court.   Thereafter the trust company repurchased the premises at sheriff's sale for $4,500 and the sale was confirmed.   The defendants thereafter petitioned the Supreme Court to cancel the deficiency judgment previously entered. This relief was granted.   It was then too late for the trust company to proceed at law for the recovery of the existing deficiency upon the defendants' bond.

The canceled judgment was complete and regular upon its face. The Supreme Court had jurisdiction of the subject-matter and had acquired jurisdiction over the defendants. Such a judgment was not void. *LaBell* v. *Quasdorf*, 116 *N. J. L.* 368. It stands until reversed on appeal, or vacated in a direct proceeding, and is not subject to collateral attack. *VanHorn* v. *Hann*, 39 *Id.* 207; *In re Martin*, 86 *N. J. Eq.* 265.

No inspection of the record before the entry of the judgment would have disclosed error. *McLaughlin* v. *Cross*, 68 *N. J. L.* 599; *Westfield Trust Co.* v. *Court of Common Pleas*, 115 *Id.* 86.

"An application to open or vacate a judgment is an appeal to the equitable powers of the court, addressed to the discretion of the court, and is to be disposed of upon equitable principles so as to do justice to all persons concerned. Generally the discretion will not be favorably exercised unless the enforcement of the judgment would be unjust, oppressive, or inequitable, as to the moving party, who must be actually or prospectively injured or prejudiced by it, and be benefited by its opening or vacation, nor unless the motion can be granted without material injustice or injury to the opposing party, or prejudice to the intervening rights of third persons." 34 *Corp. Jur.* 371.

"It is settled that by the common law an application to open a judgment regularly entered is addressed wholly to the discretion of the court in which it was rendered. *Assets Development Co.* v. *Wall*, 97 *N. J. L.* 468; *Smith* v. *Livesey*, 67 *Id.* 269. As was said by Chief Justice Hornblower in *Silvers* v. *Reynolds*, 18 *Id.* 238 (cited by Mr. Justice Dixon for the Court of Errors and Appeals in *Smith* v. *Livesey*, *supra*), judicial control over a judgment is 'of a discretionary and equitable character.' The subject-matter of the *Silvers* v. *Reynolds* case was a judgment entered by confession on warrant of attorney." *Somers* v. *Holmes*, 114 *Id.* 497, 500.

The defendants in this case were bound by their obligation and the statutes of this state to pay, if properly sued, the deficiency caused by the failure of the mortgaged premises

to bring at sheriff's sale after foreclosure, the amount of their obligation. They had been properly sued and judgment had been taken for the amount then due. When the chancery sale was set aside and the property was again sold there still existed a deficiency. When the Supreme Court vacated and set aside the appellant's judgment *in toto,* it completely overlooked the equities of the situation and should, as a matter of justice, have reduced the judgment to the extent that it was inequitable for it to stand. But to have nullified it *in toto* was to do an injustice to the holder of the judgment.

The judicial action under review which consists of a rule vacating the judgment *in toto,* is reversed, and set aside with costs, to the end that the judgment stand as of the date of its original entry for the amount of the deficiency as ascertained through the second sale.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.  14.