New Jersey Department of Labor,
Workmen's Compensation Bureau.

WILLIAM DAVIS, PETITIONER, v. CITY OF NEWARK,
RESPONDENT.

Decided January 10, 1941.

For the petitioner, *Robinson & Morris* (by *Irving Morris*).

For the respondent, *James F. X. O'Brien* (by *Simon Englander*).

Petitioner having moved for reinstatement of judgment entered July 29th, 1940, and vacated August 9th, 1940, in the case *sub judice* and argument upon said motion was heard by me on November 15th, 1940. * * *

The grounds upon which petitioner bases his argument are as follows:

"1. The order of August 9th, 1940, or thereabouts, revoking or setting aside the determination and judgment of July 24th, 1940, or order which stayed any further proceedings

"a. Was entered without notice to petitioner or his attorney

"b. Was entered without proofs of any kind which would sufficiently warrant the entry of such an order

"c. Without the Honorable John C. Wegner having jurisdiction for entering such an order under the laws of the State of New Jersey.

"2. Further the petitioner assigns the reason that the city of Newark settled the case and did receive full releases from the judgment of this court and that they are accordingly debarred from reopening the award.

"3. Further the city of Newark or its agents unlawfully and wrongfully, without justification in law and without justification in fact and without the consent of your petitioner and under duress and mistake, did procure the moneys paid as a result of said judgment."

Petitioner an aged and illiterate colored man, age seventy-one years, had worked for the city of Newark approximately eighteen years as a laborer first in the water department and of late years in the city park sweeping grass and leaves.

Under dates of September 21st, 1926, March 12th, 1928, August 27th, 1929, and June 17th, 1930, he met with accidents for which he was treated first by Dr. Bell and later by Dr. Markens. He was paid full salary while under treatment. No payment was made on account of any permanent disability.

On May 31st, 1940, a petition was filed by Mr. Emil Neblo, a counselor-at-law of this state, now deceased, alleging that petitioner suffered a permanent injury as the result of the aforementioned accidents referring to the first three in petition and adding the later one on motion to amend June 17th, 1930.

Before trial of case on July 24th, 1940, counsel for petitioner and respondent appeared before me in chambers and advised that they were in close agreement as to disability but desired judgment entered.

At the commencement of the trial, certain facts were stipulated and Mr. Bernhaut, attorney for respondent waived all legal defects in the petition as to misjoinder, there being four accidents covered by one petition, all of which occurred on different dates.

Prior to *Pamph. L.* 1931, *ch.* 278, *p.* 703, the Accident Reporting act barred the defense that the petition had not been filed within time. (See *Pamph. L.* 1924, *ch.* 187, ¶ 6, *p.* 403.) Respondent's attorney admitted non-compliance with this act stipulating that no form had been filed.

After hearing the testimony of petitioner, Dr. Edward Markens, who testified for him, and Dr. Paul Keller, who testified for respondent, I awarded compensation based upon twenty-five per cent. of total disability or 125 weeks at $19.07

a week. I further instructed that owing to the age of the petitioner and the fact that he was illiterate, that the check be forwarded to Mr. Thomas Holwerda of the Department of Labor for distribution, the whole sum being due.

Order was signed by me July 29th, 1940.

On August 9th, 1940, Mr. Simon Englander appeared before me and advised that petitioner had not received the moneys awarded to him, that a sum of $300 was paid to petitioner, one-half of which he paid to a runner; that my order to the effect that the moneys be turned over to Mr. Holwerda for distribution had not been complied with; that attorney for petitioner had retained the bulk of the moneys paid and police intervention was necessary to have same returned; that respondent had a meritorious defense, public funds were involved and such defense should have been interposed; that there had been fraud on petitioner, on respondent and on the court.

Based upon facts as presented to me, I issued an order setting aside *determination and order* entered July 29th, 1940, which order reads as follows:

"This matter having been opened to the Court and sufficient cause appearing, it is, on this 9th day of August, 1940, *ordered* that the *determination and order* entered July 29th, 1940, be and the same is hereby set aside and for nothing holding pending further determination of the cause and controversy."

Answering petitioner's grounds for revoking order of August 9th, 1940, and restoring *determination and order* entered July, 1940, *seriatim:*

1. (a) No notice was necessary to petitioner or his attorney; (b) sufficient proof was given to warrant action taken; (c) Compensation Bureau has jurisdiction over its own judgments.

2. While a representative of the city of Newark consented to certain stipulations and waived certain legal defects, judgment was entered and this was not a settlement. Releases have no legal status in a compensation case.

3. Action of respondent was necessary due to manner in which moneys were distributed and in order to protect petitioner.

That a court in which a judgment is rendered has power to reopen, amend or vacate its judgment appears to be settled beyond controversy. One of the first cases in this state enunciating this principle is that of *Bell* v. *Kelly,* 17 *N. J. L.* 270. The Court of Errors and Appeals in *Assets Development* v. *Wall,* 97 *Id.* 468; 119 *Atl. Rep.* 10, passed upon the point more recently. That court stated that an application to open a judgment regularly entered is addressed wholly to the discretion of the court in which the judgment was rendered and further that an appeal would not lie. The court stated:

"That the courts of this state whose practice and procedure are in accordance with the rules and regulations of the common law have power to open judgments upon good cause shown, is settled beyond controversy."

Also Mr. Justice Trenchard speaking for the Supreme Court in *Lutter* v. *Neubauer,* 100 *N. J. L.* 17; 125 *Atl. Rep.* 113, discussed at great length this power and likened it to the power of the court to set aside a judgment and issue a writ of *coram nobis.* He went on to say:

"We do not find that a writ of error *coram nobis* has ever been used in New Jersey practice but it is a common law writ and it is safe to say that we have not used it because of our equitable liberality of reviewing matters of this kind in a summary way."

34 *C. J.* 371: An application to open or vacate a judgment is an appeal to the equitable powers of the court, addressed to the discretion of the court, and is to be disposed of upon equitable principles, so as to do justice to all persons concerned. Generally the discretion will not be favorably exercised unless the enforcement of the judgment would be unjust, oppressive or inequitable as to the moving party, who must be actually or prospectively injured or prejudiced by it, and be benefited by its opening or vacation, nor unless the motion can be granted without material injustice or injury to the opposing party or prejudice to the intervening rights of third persons.

*Bradner's N. J. Law Practice,* § 276: Application to open judgments are addressed to the discretion of the court; and the court has power at any time, while the cause remains

under its control, to open a judgment; provided the moving party has embraced the first opportunity to present his cause. Laches will bar a motion to reopen. If a judgment is invalid or void, it may be vacated by the court at any time, the doctrine of laches being inapplicable. The judgment is a mere nullity and vacation thereof is a matter of right * * * a judgment, however, that is not absolutely void may be vacated upon showing that its enforcement would be unjust, oppressive or inequitable to the party moving to vacate. The method of attack is by summary motion, and the motion is addressed to the discretion of the court.

Assets Development Co. *v.* Wall (Court of Errors and Appeals, referred to above and the leading case on the subject).

"That the courts of this state whose practice and procedure are in accordance with the rules and regulations of common law have power to open judgments upon good cause shown, is settled beyond controversy. It was exercised by the Supreme Court as early as the year 1795 in the case of *Miller* v. *Alexander,* 1 *N. J. L.* 400, and has continued to be exercised from that time to the present, whenever it was properly invoked. The court may assume this power at any time while the cause remains under its control, provided the moving party embraces the first opportunity he has of presenting his cause. It is equally well settled that by common law, an application to open a judgment regularly entered, is addressed wholly to the discretion of the court in which it was rendered, and that, consequently a writ of error (an appeal under our present practice) will not lie to review the determination of that court. *West Jersey Trust Co.* v. *Bigham* (*Court of Errors and Appeals*), 118 *Id.* 160; 191 *Atl. Rep.* 743.

"Where the court has jurisdiction of the subject-matter and has acquired jurisdiction over the defendants, and the judgment is complete and regular upon its face, it is not void. An application to open a judgment regularly entered is a matter over which the court exercises jurisdiction of a discretionary and equitable character. *Somers* v. *Holmes,* 114 *N. J. L.* 497; 177 *Atl. Rep.* 434.

"It is settled that by the common law, an application to open a judgment regularly entered, is addressed wholly to the sole discretion of the court in which it was rendered, and the court will not exercise this discretion when there is not sufficient doubt on the merits to justify it in so doing."

*Savage* v. *P. S. Railway Co.*, 103 *N. J. L.* 549; 137 *Atl. Rep.* 533 (on the question of laches, as applied to motion to vacate judgment, &c.).

Where plaintiff waited for over three years from the entry of a judgment before applying to the Supreme Court for such relief, the court will decline to vacate the judgment where the long delay in making the application is not satisfactorily explained to the court, such delay held to be an apparent inexcusable laches."

It may be urged that the Workmen's Compensation Bureau is not such a court as may exercise such discretionary power but the Supreme Court in *Rose* v. *Wagner Construction Co.*, 2 *N. J. Mis. R.* 118, has answered that argument and has placed the power of the Workmen's Compensation Bureau and the jurisdiction of the Workmen's Compensation Bureau to open a compensation judgment upon not only the general principles referred to above but also upon the Workmen's Compensation act. It is to be noticed in that case also that there was no hearing on the application to vacate the original judgment and it is to be noticed also that the original judgment of the Bureau had been docketed in the Court of Common Pleas. The opinion states:

"However, counsel for the petitioner went afterwards to the deputy commissioner and obtained from him an order vacating his previous order for judgment and setting aside all judgments entered in any court and placing the case again on the commissioner's calendar for hearing. * * *"

The Supreme Court on the two arguments stated:

"We cannot agree to the proposition that the commissioner's power of his judgment ceased because it was docketed in the county clerk's office."

And further stated:

"We consider that the statute does confer power to open such judgments if not expressly by plain implication."

The statute referred to is the Workmen's Compensation act, more particularly, section 11 of the act of 1918 and the amendment of 1921 and as now appears in *R. S.* 1937, 34:15-58.

The Supreme Court reached the same result in the subsequent case involving a compensation judgment in the case of *Katz* v. *Zepela*, 10 *N. J. Mis. R.* 258; 159 *Atl. Rep.* 306. This was affirmed by the Court of Errors and Appeals in 110 *N. J. L.* 14.

My action as a whole caused no injury to the petitioner. He was put in *status quo*. Case was subsequently listed for trial. If the petitioner is entitled to compensation as awarded and it is so determined by a trial of the cause, an award will be made.

The respondents are entitled to a trial on its merits. If they have a meritorious defense, it should be heard.

Public funds are involved and must be protected. The bureau must not be a party to their dissipation.

I am therefore denying the motion of petitioner's attorney for the revocation or setting aside of my order of August 9th, 1940, and am placing same on the calendar for Tuesday, February 11th, 1941, at ten A. M., at which time after a hearing on its merits a disposition of the case can be made.

JOHN C. WEGNER,
*Deputy Commissioner.*