35 N.J. Super. 198 (1955)
113 A.2d 693
CHEEL CONSTRUCTION CO., INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
DAVID G. LUBBEN, ALSO KNOWN AS DAVID LUBBEN, DEFENDANT-APPELLANT, AND SADDLE RIVER FARMS, INC., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Argued April 25, 1955.
Decided April 28, 1955.
*199 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Samuel J. Davidson argued the cause for appellant (Messrs. DeFazio, Davidson & DeFazio, attorneys).
Mr. John W. Griggs argued the cause for respondent (Messrs. Morrison, Lloyd & Griggs, attorneys).
The opinion of the court was delivered PER CURIAM.
Ensuing the outcome of the trial of this action on December 4, 1952 a final judgment was entered in the Superior Court, Law Division, on December 13, 1952 *200 in favor of the plaintiff and against each of the defendants, Saddle River Farms, Inc., and David G. Lubben, in the sum of $17,114.47. Five months later, on May 28, 1953, substituted counsel for the defendant Lubben filed a notice of an application to be made on June 5, 1953 pursuant to R.R. 4:62-2 for an order vacating the judgment against the defendant Lubben. The application was denied by the trial judge and his disposition thereof was affirmed. 30 N.J. Super. 148 (App. Div. 1954).
The cited decision of this Division was rendered on March 23, 1954. Undoubtedly in consequence of certain observations which Judge Jayne expressed in the form of a query in the opinion, a notice of a motion was filed on June 2, 1954 on behalf of the defendant Lubben to vacate the judgment against him as void. R.R. 4:62-2(d). This motion was also denied by the trial judge by an order entered December 16, 1954, from which the defendant Lubben now appeals.
Judge Jayne stated that he observed beyond the boundaries of the appeal that the plaintiff prosecuted the action to recover from the defendant Lubben the reasonable value of the labor performed and materials furnished by it pursuant to a bargain made by him and to recover the indebtedness from the corporation as his undisclosed principal.
The alleged status of the corporate defendant as the undisclosed principal of the defendant Lubben does not seem to have been contested at the trial, for at the conclusion of the plaintiff's evidence a judgment was granted without objection in favor of the plaintiff against the corporation. Thereupon the trial, without objection on behalf of the defendant Lubben, continued to determine the liability of Lubben, and the jury rendered a verdict in favor of the plaintiff in like amount and for the same debt against Lubben. As previously stated, a single final judgment was entered against both defendants.
Judge Jayne remarked:
"This sequence of events agitated in my mind the question whether the plaintiff in taking the judgment against the corporation had not elected to hold the undisclosed principal responsible for the indebtedness and by that judgment conclusively established that in the transaction *201 the relationship of debtor and creditor existed under the contractual engagement between the corporation and the plaintiff.

* * * * * * * *
My espionage of the course of the proceedings at the trial of the present action has motivated me to make the foregoing comments and suggest the questions that have occurred to me, with the frank acknowledgment that they are distinctly unrelated to the subject of the instant appeal. The introduction of a query (quaere) in judicial decisions was not formerly unfashionable."
From the questions so suggested the basis of the motion under review is derived. Obviously the grounds of the motion have been very tardily asserted, but we recognize that the present application was made under subdivision (d) of R.R. 4:62-2, formerly 3:60-2. Vide, Shammas v. Shammas, 9 N.J. 321, 327 (1952).
Confining ourselves to the acknowledged background of the nature of the complaint and subsequent occurrences at the trial, the present appeal seems to solicit our determination (1) whether the judgment against the defendant Lubben in such circumstances is void as a matter of law, or (2) whether it is merely voidable at the discretion of the court, or (3) whether the impropriety, if any, in the judgment against the agent Lubben is such that it has been waived by the failure of this defendant to have made any timely demand whatever upon the plaintiff to elect to hold responsible either the agent or the undisclosed principal.
Abstractly, can a single judgment be sustained which has the inherent inconsistency of rendering both the agent and another as an undisclosed principal responsible for the same contractual debt?
Judge Jayne in the opinion relating to the previous motion posed the question: "When with knowledge of the agency a contract is merged into a judgment against the principal, is there room for another judgment in such a case?" Differently expressed, his hypothetical inquiry was,  had the plaintiff not exhausted his available remedy under the complaint upon acquiring a judgment against the undisclosed principal?
Then, although the defendant Lubben did not request the plaintiff to make an election, Judge Jayne suggested the *202 question: "Is not the initial recovery of a judgment against the undisclosed principal evidential of a positive election?"
It seems to be conceded that the alleged liability of, and the resultant judgment against, the corporate defendant were solely attributed to its position as the principal, for which principal the defendant Lubben acted in the transaction as agent. The plaintiff sought and achieved such a final adjudication. Assuredly an adjudication that the corporate defendant was the principal constituted a disclosure of the identity of the theretofore unknown principal. In the present case it was manifestly after the disclosure of the principal, and after the plaintiff had taken advantage of it, that the plaintiff successfully obtained in the same action a judgment also against the agent, evidently because he had not revealed his agency in entering into the transaction.
We are not informed of any special considerations which, after the chosen establishment of the liability of the principal, would impose individual liability upon the agent Lubben.
We make the foregoing exposition to indicate that well might the propriety of the judgment against Lubben have been debated on appeal, but noticeably it was not so challenged. It is now proposed that the trial judge in the consideration of the motion presently before us should have regarded the judgment against the defendant Lubben to be in the category of a void one.
Certainly the court had jurisdiction of the subject matter and over the parties to the action. A void judgment is distinguishable from one which is merely erroneous. Restatement, Judgments, § 4, pp. 19, 20; Ex-Cell-O Corp. v. Farmers Coop. Dairies Ass'n., 28 N.J. Super. 159, 163 (App. Div. 1953). It is a general principle that where the court has jurisdiction of the subject matter and has acquired jurisdiction over the defendants, and the judgment is complete and regular upon its face, it is not void. West Jersey Trust Co. v. Bigham, 118 N.J.L. 160 (E. & A. 1937).
We conclude that the judgment in the particular here criticized was not void. Nothing has been collected by the plaintiff from either defendant toward the satisfaction *203 of the judgment, nor are any other circumstances mentioned which might engender considerations of equity. Cf. La Bell v. Quasdorf, 116 N.J.L. 368 (Sup. Ct. 1936). Here the issue of Lubben's liability was tried without objection. Relief for any reason allowed by R.R. 4:62-2 rests in the sound discretion of the trial court, regulated by established principles. Shammas v. Shammas, supra; Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27, 33 (App. Div. 1951); Schulwitz v. Shuster, 27 N.J. Super. 554 (App. Div. 1953).
In view of the circumstances of the present case it is not obvious that the denial of the motion to vacate the judgment against the defendant Lubben solely because of its invalidity was such a mistaken exercise of the trial court's discretion as to warrant its reversal. Such discretionary action will not be disturbed on appeal unless it clearly appears that it has been abused. State v. Bunk, 4 N.J. 482 (1950); Bowman v. Bambara, 28 N.J. Super. 92, 97 (App. Div. 1953).
Affirmed.