38 N.J. Super. 1 (1955)
118 A.2d 80
TRADESMENS NATIONAL BANK AND TRUST COMPANY, PLAINTIFF-APPELLANT,
v.
WILLIAM H. CUMMINGS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 10, 1955.
Decided November 4, 1955.
*2 Before Judges GOLDMANN, FREUND and CONFORD.
*3 Mr. Wilfred B. Wolcott argued the cause for the plaintiff-appellant (Mr. Walter Carson, attorney).
Mr. David Novack argued the cause for the defendant-respondent.
The opinion of the court was delivered by FREUND, J.A.D.
The plaintiff Tradesmens National Bank and Trust Company appeals from a judgment entered in favor of the defendant William H. Cummings, and from a previous order opening and setting aside a default judgment theretofore entered in favor of the plaintiff and permitting the defendant to file an answer in the cause.
On January 7, 1933 the plaintiff recovered a judgment against the defendant in the former New Jersey Supreme Court for $41,514.42 with costs, arising out of a mortgage transaction. On November 3, 1941 the defendant filed a voluntary petition in bankruptcy in the United States District Court listing the plaintiff as a creditor, and on January 6, 1942 the defendant was discharged in bankruptcy. On January 6, 1953 the plaintiff instituted this suit on its judgment. The defendant was served with process on May 5, 1953, but failed to plead. Judgment by default was entered in favor of the plaintiff for $84,366.81, representing the amount of the prior judgment with interest. Upon learning of this judgment on June 29, 1954 the defendant filed a petition praying that the judgment be opened because of excusable neglect and that he be allowed to plead his discharge in bankruptcy as a defense to the suit. An order to show cause issued and on the return thereof testimony was taken in open court. The trial court, finding that the neglect was excusable, granted the defendant's application. The defendant filed an answer setting up his discharge in bankruptcy as a bar to the plaintiff's recovery. The case was tried without a jury on a stipulation of facts. The court denied the plaintiff's motion to strike defendant's answer and entered judgment in favor of the defendant from which the *4 plaintiff appeals, as well as from the order vacating the plaintiff's default judgment.
In support of his application to vacate the default judgment, the defendant testified that on the date of service of process upon him he was 77 years old and in a terribly upset physical condition due to the death of his wife and the very serious illness of his son who was at that time convalescing at the defendant's home from an operation for a brain tumor. The defendant had been engaged in extensive real estate operations and had through the years been served with many subpoenas in tax foreclosure suits, as many as three or four a month. He said he did not recall the service nor read the papers because in his upset condition he "thought it was one of those summonses" referring to the subpoenas in tax foreclosure suits, so many of which had been served upon him.
The trial judge at the conclusion of the testimony stated: "I am disposed to concede that it is excusable neglect. Mr. Cummings is mentally alert, but he was 77 at the time that this summons was served upon him. * * * I can reasonably believe his statement that he was served with innumerable instruments in connection with tax foreclosures. I conceive at that age and apparently with the mental upset that he had, contributed to both by the death of his wife and the illness of his son, that the neglect is excusable. * * *."
The granting or denial of a motion to vacate a default judgment based on the ground of "mistake, inadvertence, surprise, or excusable neglect," R.R. 4:62-2, taken from Federal Rule 60(b), 28 U.S.C.A., rests in the sound discretion of the trial court. The proceeding partakes of an equitable nature. The power to vacate a default judgment so as to permit the pleading of a meritorious defense should be freely exercised when the enforcement of the judgment would be unjust, oppressive or inequitable to the party moving to vacate it. Such discretion cannot be arbitrary, vague or fanciful. Whenever the trial court in order to accomplish justice in accordance with legal principles sets aside a default judgment, its action will not be disturbed on appeal unless impropriety in its exercise clearly appears. These rules are *5 firmly imbedded in our jurisprudence by a long train of cases from early times to recent date. Carpenter v. Muchmore, 15 N.J. Eq. 123 (Ch. 1862); Day v. Allaire, 31 N.J. Eq. 303 (E. & A. 1879); Wilford v. Sigmund Eisner Co., 13 N.J. Super. 27 (App. Div. 1951); Loranger v. Alban, 22 N.J. Super. 336 (App. Div. 1952); Schulwitz v. Shuster, 27 N.J. Super. 554 (App. Div. 1953); Reilly v. Perehinys, 33 N.J. Super. 69 (App. Div. 1954); Choel Construction Co. v. Lubben, 35 N.J. Super. 198 (App. Div. 1955).
"Excusable neglect" has been defined as that neglect which might have been the act of a reasonably prudent person under the same circumstances. See cases cited in 15A Words and Phrases, Excusable Neglect, p. 224. Williams v. Knox, 10 N.J. Super. 384 (Law Div. 1950). Necessarily each case must be decided on its particular facts.
A defendant must show that he has a meritorious defense. Here, the defendant had, in the bankruptcy proceedings, scheduled the plaintiff as a creditor and had been discharged. This constitutes an absolute defense. Kirby v. Garrison, 21 N.J.L. 179 (Sup. Ct. 1847); City Hall Bldg. & Loan Ass'n of Newark v. Star Corp., 110 N.J.L. 570 (E. & A. 1933); Swanson v. Plowfield, 21 N.J. Misc. 305 (Sup. Ct. 1943); 11 U.S.C.A. 35; Colwell v. Epstein, 1 Cir., 142 F.2d 138, 156 A.L.R. 838.
We conclude that the trial court exercised a sound discretion in vacating the default judgment and permitting the defendant to file an answer. Affirmed.