# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

THOMAS A. LYNAM, III and )
ANTOINETTE M. LYNAM, as Parents )
and Natural Guardians of )
THOMAS A. LYNAM, IV, a minor, )
)
              Plaintiffs, )
    v. )    C.A. No. N14C-11-121 RRC
)
BLUE DIAMOND LLC )
MOTORCROSS d/b/a BLUE )
DIAMOND MX, BLUE DIAMOND MX )
PARK, BLUE DIAMOND PARK, )
BLUE DIAMOND LLC d/b/a )
BLUE DIAMOND MX, BLUE DIAMOND )
MX PARK, BLUE DIAMOND PARK, )
HOUGHTON'S AMUSEMENT PARK, LLC, )
PARKWAY GRAVEL, INC. and )
RICHARD WITHINGTON )
              Defendants. )

Submitted: July 20, 2015
Decided: October 12, 2015

Motion to Dismiss of Blue Diamond LLC Motorcross d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, Blue Diamond LLC d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, and Parkway Gravel, Inc.
**DENIED.**

On Plaintiffs' "Countermotion for Enlargement of Time for Service Under Superior Court Rules of Civil Procedure 4(j) and 6(b)."
**GRANTED.**

# MEMORANDUM OPINION

Tabatha L. Castro, Esquire, The Castro Firm, Inc., Wilmington, Delaware, Attorney for Plaintiffs; Leonard G. Villari, Esquire, Villari, Lentz, & Lynam, LLC, Philadelphia, Pennsylvania, *pro hac vice*, Attorney for Plaintiffs.

Marc S. Casarino, Esquire and Dana Spring Monzo, Esquire, White and Williams LLP, Wilmington, Delaware, Attorneys for Defendants Blue Diamond LLC Motocross d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, Blue Diamond LLC d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, and Parkway Gravel, Inc.

COOCH, R. J.

## I.      INTRODUCTION

On November 14, 2014, Thomas A. Lynam, III, and Antoinette M. Lynam, the parents and natural guardians of minor Thomas A. Lynam, IV, (together "Plaintiffs"), filed a Complaint against Blue Diamond LLC Motorcross[1] d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, Blue Diamond LLC d/b/a Blue Diamond MX, Blue Diamond MX Park, Blue Diamond Park, Houghton's Amusement Park, LLC, Parkway Gravel, Inc., and Richard Withington[2] for personal injury sustained by minor Plaintiff resulting from a motorcycle accident at Blue Diamond Defendants' motorcross track on January 6, 2013. Plaintiffs served process on Blue Diamond Defendants on March 20, 2015. On April 6, 2015, Blue Diamond Defendants filed a Motion to Dismiss, citing Plaintiff's failure to serve process within 120 days as required by Superior Court Civil Rule 4(j), and/or Plaintiffs' failure to have timely moved for enlargement of time for service of process. Upon consideration of the arguments asserted in the

---

[1] Although the word "motorcross" is used in the Complaint by Plaintiffs, the Court understands that the correct spelling is likely "Motocross." *See* http://americanmotorcyclist.com/Racing/Motocross.aspx; http://www.merriam-webster.com/dictionary/motocross.

[2] The Motion at issue was filed on behalf of all Defendants except Houghton's Amusement Park, LLC and Richard Withington. As of the date of this Opinion, the Court has not received any filings from either of these Defendants. There are six separate Blue Diamond entities, plus Parkway Gravel, Inc. represented in this Motion. Collectively, the seven entities will be referred to as "Blue Diamond Defendants."

parties' briefs and during oral argument, Defendants' Motion to Dismiss is **DENIED** and Plaintiffs' "Countermotion for Enlargement of Time for Service Under Superior Court Rues of Civil Procedure 4(j) and 6(b)" is **GRANTED**.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

The Complaint alleges that on January 6, 2013, minor Plaintiff Thomas A. Lynam, IV, was riding his 80cc dirtbike at Blue Diamond Defendants' track near New Castle, Delaware.[3]  His father, Thomas A. Lyman, III, was watching from the spectators area.  Defendants' track has three different courses depending on the riders' level of experience: a "pee-wee" track for beginning riders; an "open track" for novice riders; and an American Motorcyclist Association sanctioned track for expert and professional riders.[4]

After spending most of his day on the pee-wee track, minor Plaintiff Lynam went to the open track to continue riding.[5]  The open track was comprised of nine separate turns that a rider must navigate.[6]  While approaching the eighth turn, minor Plaintiff Lynam ran over a jump that caused him and his dirtbike to become airborne.[7]  Minor Plaintiff Lynam landed harder than expected which caused him to unintentionally accelerate and lose control of his dirtbike.[8]  He was unable to navigate the turn and crashed into a steel shipping container.   The container was placed at the edge of the track to separate it from an abandoned amusement park.[9]  As a result of his impact with the shipping container, he sustained serious physical injuries.

Plaintiffs filed a Complaint and Praecipe naming Blue Diamond Defendants on November 14, 2014.  On November 24, 2014, defense counsel entered their appearances, explicitly without waiver of any affirmative defenses.[10]  On February 6, 2015, the New Castle County Sheriff returned the Summons and Complaint *non est inventus* for each of the Blue Diamond Defendants.[11]  On February 20, 2015, Plaintiffs filed Alias Praecipes to serve Blue Diamond Defendants' registered

---

[3] Pls.' Compl. at ¶¶ 37, 38.
[4] *Id.* at 26.
[5] *Id.* at 39.
[6] *Id. at 33.*
[7] Pls.' Compl. at 44.
[8] *Id.*
[9] *Id.* at 41, 46.
[10] Entry of Appearance, D.I. # 2.
[11] D.I. ## 9 – 13.

agents instead of Blue Diamond Defendants' places of business. Blue Diamond Defendants' registered agents were served on March 20, 2015.

Blue Diamond Defendants filed a Motion to Dismiss ("Motion") on April 6, 2015. The Motion asserts that Plaintiffs' failure to serve process on Blue Diamond Defendants within 120 days of filing the Complaint and Plaintiffs' failure to have timely moved to enlarge time for service warrant dismissal.[12]

## III. PARTIES' CONTENTIONS

### i. *Blue Diamond Defendants' Contentions.*

Blue Diamond Defendants argue that Plaintiffs' Complaint should be dismissed because Blue Diamond Defendants were not served within 120 days as is required by Superior Court Civil Rule 4(j). Also, Blue Diamond Defendants assert that Plaintiffs did not request an extension to the time allowed for service prior to the 120-day statutory deadline. Therefore, Blue Diamond Defendants argue Plaintiffs' service after the expiration of the deadline was improper. Blue Diamond Defendants allege that Plaintiffs are unable to show "good cause" that would excuse Plaintiffs' failure to comply with the 120-day rule.

### ii. *Plaintiffs' Contentions*

Plaintiffs assert that they did make reasonable and diligent efforts to serve process on Defendants and those efforts show "good cause" for this Court to excuse the late service. Therefore, Blue Diamond Defendants' Motion to Dismiss should be denied and the Plaintiffs' "Countermotion for Enlargement of Time For Service Under Superior Court Rules of Civil Procedure 4(j) and 6(b)" should be granted.[13]

---

[12] Defs.' Mot. to Dismiss, D.I. # 19.

[13] In Plaintiffs' Response to Motion to Dismiss and Countermotion For Enlargement of Time For Service Under Superior Court Rules of Civil Procedure 4(j) and 6(b) [hereinafter "Plaintiffs' Response"], Plaintiffs argue that when counsel for the Defendants entered their appearances they waived their right to challenge the sufficiency of service of process. In light of the disposition of this Motion, the Court need not reach this issue.

4

# IV.   STANDARD OF REVIEW

When deciding a motion to dismiss, the Court must examine the complaint and accept all well-pleaded allegations as true.[14] If the facts alleged in the complaint are sufficient to support a claim for relief, the motion should be denied.[15] "The test for sufficiency is a broad one, that is, whether a plaintiff may recover under any reasonably conceivable set of circumstances susceptible of proof under the complaint."[16] "An allegation, though vague or lacking in detail, is nevertheless 'well-pleaded' if it puts the opposing party on notice of the claim being brought against it."[17]

However, when a motion to dismiss is filed on grounds of insufficient service of process, the standard of review becomes narrower. Pursuant to Superior Court Civil Rule 4(j), "[i]f a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint . . . the action shall be dismissed as to that defendant without prejudice."[18] However, the Court may "be flexible if a plaintiff shows good cause for failure to serve."[19] Good cause requires the at-fault party to show good faith and excusable neglect.[20] "Excusable neglect has been described as that neglect which might have been the act of a reasonably prudent person under the circumstances."[21] "Dismissal is 'within the Court's sound discretion.'"[22] However, "'the sanction of dismissal is severe and the courts are and have been reluctant to apply it except as a last resort.'"[23]

---

[14] *See Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978) (internal citation omitted).

[15] *See id.*

[16] *Id.* (citing *Klein v. Sunbeam Corp.*, 94 A.2d 385 (Del. 1952).

[17] *Precision Air, Inc. v. Standard Chlorine of Delaware, Inc.*, 654 A.2d 403, 406 (Del. 1995) (citing *Diamond State Tel. Co. v. University of Del.*, 269 A.2d 52, 58 (Del. 1970)).

[18] Super. Ct. Civil R. 4(j).

[19] *Doe v. Colonial School Dist.*, 2011 WL 7063682 at* 1 (Del. Super. Dec. 27, 2011) (citing *Dolan v. Williams*, 707 A.2d 34, 36 (Del. 1998) (quoting *Braxton v. U.S.*, 817 F.2d 238, 241 (3d Cir. 1987).

[20] *Anticaglia v. Benge*, 2000 WL 145822 at* 2 (Del. Super. Jan. 20, 2000).

[21] *Cohen v. Brandywine Raceway Ass'n*, 238 A.2d 320, 325 (Del. Super. 1968) (citing *Tradesmens Nat'l Bank & Trust Co. v. Cummings*, 38 N.J.Super. 1, 118 A.2d 80 (1955).

[22] *Doe v. Colonial School Dist.*, 2011 WL 7063682 at* 1 (Del. Super. Dec. 27, 2011) (quoting *Gebhart v. Ernest DiSabatino & Sons, Inc.*, 264 A.2d 157, 159 (Del. 1970).

[23] *Drejka v. Hitchens Tire Serv., Inc.*, 15 A.3d 1221, 1224 (Del. 2010) (quoting *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008).

# V.  DISCUSSION

*Plaintiffs Have Shown Good Cause To Excuse The Late Service of Process.*

Plaintiffs filed the Complaint on November 14, 2014.  According to Rule 4(j), Blue Diamond Defendants had to be served by March 16, 2015.  After several attempts by the Sheriff to serve Blue Diamond Defendants at their places of business, the Summons and Complaints were returned *non est inventus* on February 6, 2015.  Plaintiffs filed an Alias Praecipe and Summons on February 20, 2015.  Blue Diamond Defendants' registered agents were served on March 20, 2015, four days late.  Blue Diamond Defendants claim that "there is no good cause or excusable neglect for failure to comply with Rule 4(j)'s 120 day service requirement."[24]  However, upon review of the record, the Court finds that Plaintiffs, under the particular circumstances of this case, have shown good cause.  The late service will be excused.

First, Plaintiffs made reasonable efforts on several occasions to serve Blue Diamond Defendants at their places of business prior to the expiration of the 120-day time period.  However, because of the nature of Blue Diamond Defendants' businesses, outdoor entertainment, these locations were closed for several weeks during the colder months when service was attempted. Blue Diamond Defendants' businesses were closed during the entire month of January, for 25 days in February, and for 21 days in March.[25]  Though Plaintiffs attempted in apparent good faith to serve Defendants, that task was impossible to achieve with the method that Plaintiffs originally decided to use.

Blue Diamond Defendants assert that no plaintiff cannot show excusable neglect when he fails to serve process on a Delaware corporate entity, because the registered agent's information is available from the Secretary of State.[26]  However,

---

[24] Defs.' Mot. to Dismiss.

[25] Plaintiffs' Response at 6.

[26] Defendants rely on *Chipman v. Marina Motel Ventures, LLC*, 2005 WL 1950897 at* 2 (Del. Super. 2005) (stating that the plaintiffs were unable to show excusable neglect, because during all relevant times to the litigation, the defendant's registered agent's information was available from the Secretary of State for service of process).  However, the Court finds this case distinguishable.  The plaintiffs in *Chapman* never attempted to serve the defendant in person.  Rather the plaintiff directed the sheriff to serve an accountant with another company that had an ownership interest or management interest with the defendant; the plaintiffs were warned several times by the Sussex County Prothonotary through written notices that service of process was still

simply because a corporate entity has a registered agent does not mean that is the only way in which it may be served process. Service of process of a corporation can be made: (1) "to any officer or director of the corporation in this State"; or (2) to "the registered agent of the corporation in this State"; or (3) at the registered office or other place of business of the corporation in this State."[27] Counsel is not beholden to only one method of service. Therefore, simply choosing to serve process on someone other than the registered agent does not show a *per se* lack of excusable neglect.

Good cause in this case is further shown through several uncommon delays Plaintiffs experienced. Plaintiffs' counsel contacted the Court on January 5, 2015, to check on the status of service and discovered that although this action was filed by minor Plaintiff Lynam's parents, no writs of service would be issued by the Prothonotary until a "next friend" was appointed for him. No "Petition for Appointment of Next Friend" was filed contemporaneously with the Complaint, which is the usual procedure when a minor is a plaintiff. Referral of a complaint and a petition for appointment of next friend to the assigned judge is apparently the practice of the New Castle County Prothonotary, although not otherwise required by Court rules or statute.[28] Plaintiffs promptly filed a "Motion for Appointment of Next Friend" on January 8, and that Motion was granted on January 12.[29]

Further adding to the delay in service of process was an apparent clerical error in the Prothonotary's Office that overlooked Plaintiffs' February 20, 2015 Alias Praecipes filings.[30] These Alias Praecipes were timely filed by Plaintiffs after the Sheriff returned the Summons and Complaints *non est* inventus.[31] On March 6 Plaintiffs were inadvertently informed by the Prothonotary that no Alias Praecipes had been filed.[32] Once Plaintiffs realized that the Court was not aware of the Alias Praecipes, Plaintiff promptly re-filed them on March 9.[33] Defendants' registered agents were served on March 20, 2015.[34] Therefore, if not for some delays caused

---

incomplete; and plaintiffs filed an amended complaint against the same defendant and served process on February 9, 2005, almost a year after the original filing.
[27] 8 *Del. C.* § 321(a).
[28] Pls.' Resp. at 5.
[29] *Id.*
[30] *Id.* at 6.
[31] *Id.*
[32] Pls.' Resp. at 6.
[33] *Id.*
[34] *Id.* at 7.

7

by the Court to which Plaintiffs reacted in a timely and diligent manner, Defendants would likely have been served within the proper time.

This series of events shows essentially diligent efforts to comply with the Rules and not "half-hearted efforts" perfect service.[35] Plaintiffs have demonstrated that despite the late service of process, they operated in good faith and with excusable neglect. Therefore, in light of Plaintiffs' efforts and the small amount of time that the parties were actually served process beyond the 120-day requirement, the Court finds that there is good cause shown to excuse the late service of process pursuant to Rules 4(j) and 6(b).

## VI.    <u>CONCLUSION</u>

The Court finds that Plaintiffs are able to show good cause why their late service of process should be excused. Therefore, Blue Diamond Defendant's Motion to Dismiss is **DENIED**. Furthermore, in light of the circumstances discussed above, Plaintiffs' "Countermotion for Enlargement of Time for Service"[36] is **GRANTED**.

A scheduling conference will be held when the remaining two defendants, Houghton's Amusement Park, LLC and Richard Withington have responded to the Complaint, have had default judgment*s* taken against them, or have been dismissed from the case.

_____
Richard R. Cooch, R.J.

oc:    Prothonotary

---

[35] *Anticaglia v. Benge*, 2000 WL 145822 at *2 (Del. Super. Jan. 20, 2000) (holding plaintiff were unable to show good casue to allow for an extension made a "half-hearted effort by counsel" to serve defendants when the complaint was filed in April, service of process was attempted once in May and then not again until October).

[36] Pls.' Resp. at 1.