172 N.J. Super. 206 (1980)
411 A.2d 719
TONY E. RANIERE AND MARGARET RANIERE, PLAINTIFFS-RESPONDENTS,
v.
I & M INVESTMENTS, INC. AND COLONIAL MORTGAGE SERVICE COMPANY, DEFENDANTS-APPELLANTS, AND CENTRAL JERSEY BANK AND TRUST COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1980.
Decided February 4, 1980.
*207 Before Judges ALLCORN, MORGAN and FRANCIS.
Steven Pfeffer argued the cause for appellants (Matthews, Levin, Shea & Pfeffer, attorneys; Michael E. Levin on the brief).
Frederick L. Blankenhorn argued the cause for respondent The Central Jersey Bank & Trust Company (Blankenhorn & Ragan, attorneys; Frederick L. Blankenhorn on the brief).
Gary E. Fox argued the cause for respondents Tony E. Raniere and Margaret Raniere (Abramoff & Apy, attorneys; Gary E. Fox on the letter brief).
PER CURIAM.
A purchaser of land at an execution sale, I & M Investments, Inc., defendant-appellant herein, challenges a summary judgment in plaintiffs' favor granted on the ground that the execution sale was void, not merely voidable, where resort was not first made to plaintiffs' personalty, as required by N.J.S.A. 2A:17-1 which reads:
In every writ of execution which shall be issued against real estate, the sheriff or other officer to whom such writ may be directed shall be commanded that he cause to be made, of the goods and chattels in his county of the party against whom such execution issues, the debt, damages and costs or sums of money mentioned in such execution; and that, if sufficient goods and chattels of such party cannot be found in his county, he cause the whole or the residue, as the case may require, of such debt, damages and costs or sum of money to be made of the real estate whereof such party was seized on the day when such real estate became liable to such debt, damages and costs or sum of money, specifying the day particularly, or at any time afterwards, in the hands of any person then having the same.
*208 Implementing this ruling were orders requiring defendant Central Jersey Bank & Trust Company, the judgment creditor, to reimburse appellant for all sums appellant paid as a result of the execution sale and requiring plaintiffs to reimburse appellant for all funds expended to satisfy liens against the property.
Hence, by this implementing order, appellant purchaser was returned to its position before the execution sale took place. Appellant, however, contends now, as it did before the trial court, that it is entitled to not merely be saved harmless from loss of its out of pocket expenses, but to obtain the benefit of the bargain it made as if the sale had been a valid and binding one. The trial judge held that it was not so entitled and we affirm substantially for the reasons given in the trial judge's reported opinion. 159 N.J. Super. 329 (Ch.Div. 1978).
That opinion did not, however, address several other issues based upon trial court orders entered before the summary judgment. One concerns the propriety of the trial judge's refusal to permit appellant to amend its answer and file a third-party complaint, and the other a refusal to permit a late claim under the New Jersey Tort Claims Act, N.J.S.A. 59:8 9, to be filed against the Monmouth County District Court, Monmouth County District Court's Constable's Office and the Monmouth County Sheriff. We affirm. By reason of the principal holding in this case, that appellant is only entitled to be placed in the status quo ante, appellant has suffered no legally cognizable damages and hence has no claim.
Appellant's remaining contentions lack merit. R. 2:11 3(e)(1)(E).
Affirmed.