178 N.J. Super. 42 (1981)
427 A.2d 1132
BERGEN-EASTERN CORP., A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
SOPHIA KOSS, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1980.
Decided February 27, 1981.
*43 Before Judges BOTTER, KING and McELROY.
George Martin argued the cause for appellant.
Robert C. Gruhin argued the cause for respondent.
The opinion of the court was delivered by BOTTER, P.J.A.D.
Plaintiff Bergen-Eastern Corp. appeals from an order vacating a judgment of foreclosure which had been entered under N.J.S.A. 54:5-87 of the Tax Sale Law, and permitting defendant Sophia Koss to redeem her property on paying defendant $8,938.54 plus additional interest, costs and a counsel fee of $400.
The pertinent facts are as follows. On January 17, 1979 plaintiff filed a complaint in the Chancery Division which alleged that plaintiff had purchased a certificate of tax sale for premises at 351 Division Avenue in Belleville, owned by defendant. The sale was conducted on December 17, 1976. The price paid by plaintiff was $1,388.50, which represented unpaid taxes on the property for the last three-quarters of 1975 together with interest and costs. Plaintiff sought a judgment establishing the amount due for unpaid municipal liens, costs and expenses and setting a date after which defendant's right of redemption would be foreclosed.
Defendant was served with a summons and complaint in the action but she did not respond in any way. As a result, on *44 March 19, 1979 an order was entered fixing the sum of $8,435.07 as the amount required to redeem the property from the tax sale, consisting of the amount due on the tax sale certificate, as well as subsequent taxes, interest and costs. April 19, 1979 was set as the final date for the redemption of the premises. Although this order was served upon defendant, she took no action to redeem her property. Consequently, on April 24, 1979 judgment was entered foreclosing defendant's right of redemption and vesting title in fee simple in plaintiff. Thereafter a writ of possession was authorized by order dated August 3, 1979, and on August 15 the sheriff notified defendant to vacate the premises.
On September 12, 1979 defendant's attorney obtained an order directing plaintiff to show cause why the foreclosure judgment should not be vacated. On the application to reopen the judgment pursuant to R. 4:50-1(a) and (f), the trial judge found that defendant's failure to respond to the foreclosure action was the result of excusable neglect. He entered an order vacating the judgment conditioned upon defendant paying the amount outstanding on the property by November 2, 1979.
Plaintiff contends that an application to reopen the foreclosure judgment is governed by N.J.S.A. 54:5-87, which provides that the application must be made within three months of the judgment. Plaintiff contends that the grounds for relief are limited to lack of jurisdiction or fraud in the conduct of the action. Therefore, plaintiff asserts that defendant's application, which was made about five months after the judgment, was untimely and that the trial judge improperly granted her relief.
An application to reopen a judgment is a matter of practice and procedure subject to the rule-making power of the Supreme Court. New Shrewsbury v. Block 115, Lot 4, 74 N.J. Super. 1, 8 (App.Div. 1962). There we recognized that the In Rem Tax Foreclosure Act, N.J.S.A. 54:5-104.29 et seq., involves an area of special legislative concern since it deals with the collection of municipal taxes and the settlement of tax title liens. See, also, Landa v. Adams, 162 N.J. Super. 318, 323 (App.Div. 1978). As such, courts should pay deference to the *45 three-month limitation in the statute in determining what is a reasonable time within which to seek to vacate a tax foreclosure judgment pursuant to the Rules of Court. New Shrewsbury, supra 74 N.J. Super. at 9. The case was remanded for a hearing to determine whether it would be "inequitable" to apply the three-month limitation as a bar to reopening the judgment. Id. at 10. Construing N.J.S.A. 54:5-104.67, whose language in this respect is identical to that contained in N.J.S.A. 54:5-87, the court held that the three-month limitation refers to all grounds other than a lack of jurisdiction or fraud. Id. at 9. We conclude also that the grounds for vacating a foreclosure judgment under N.J.S.A. 54:5-87 are not limited to fraud or lack of jurisdiction but include the grounds enumerated in R. 4:50-1. While the three-month limit would ordinarily govern a motion to vacate a foreclosure judgment based on a tax sale for reasons other than fraud or lack of jurisdiction, in an appropriate case relief may be granted on an application brought beyond that time period.
Plaintiff contends that the notice given to defendant of the foreclosure proceedings in this case distinguishes this foreclosure from an in rem tax foreclosure and thus distinguishes this case from New Shrewsbury v. Block 115, Lot 4, supra. We reject this contention. Notice is a factor to be considered on defendant's application for relief. However, the supremacy of R. 4:50 over foreclosure statutes which was upheld in New Shrewsbury, supra, is unimpaired by the distinction, and the power to grant relief under R. 4.50 prevails.
The trial judge found that the motion was governed by R. 4:50, that it was brought well within the time fixed by R. 4:50-2, and that defendant was entitled to relief. The judge relied on the inherent power of the court to grant relief from a foreclosure sale, citing Crane v. Bielski, 15 N.J. 342, 347 (1954).
The evidence adduced at the hearing on defendant's application established that defendant is a 74-year-old widow who has a history of continuing, serious psychiatric problems with several hospitalizations for mental illness. The trial judge *46 concluded that while defendant knew about the foreclosure action she did not understand its import. In addition, the discrepancy between the cost of redemption and the value of the property  it was assessed in 1980 for $43,800  was large. The property owner had tendered the full amount of the obligation for taxes, interest, costs and counsel fees. No third party interest had intervened, and there were other circumstances that accounted for defendant's inaction. For these reasons the trial judge granted defendant's application. Although he did not find her incompetent to handle her affairs, he concluded that defendant had established that her inaction was the result of inadvertence, mistake or excusable neglect.
Appellant contends that the facts do not justify excusing defendant or her 46-year-old unemployed son who lived with her since 1970 for the failure to pay taxes on their residence. But the issue is whether defendant's conduct in failing to respond sooner to the tax foreclosure proceedings should be forgiven. She did not act until she realized that she would be evicted from her own home. On the record before us we conclude that the trial judge did not exceed his discretion in reopening the judgment based on excusable neglect. R. 4:50-1(a); see Crane v. Bielski, supra.
Affirmed.