A. LEON HIGGINBOTHAM, Jr., Circuit Judge,
concurring in part and dissenting in part.
The majority finds that Evcco is not entitled to invoke N.J.Stat.Ann. § 2A:17-1 (West 1987). Under the admittedly involved circumstances of this case, I conclude that Modular has not shown that Evcco cannot invoke the section’s protection. I therefore dissent.
I.
Three issues are presented by this case: 1) whether the district court erred in concluding that Modular’s lien was voided by Modular’s failure to comply with § 2A:17-1; 2) whether Evcco elected a levy and execution first upon realty and/or waived the protection of § 2A:17-1; and 3) whether Evcco is estopped from invoking § 2A:17-1. Since I concur in the majority’s conclusion that Modular did not comply with § 2A:17-1, I will discuss only the second and third issues.
A.
Modular contends that it is protected by the doctrine of election. Modular argues that Evcco’s president, Charles Orlando, by his representations at the supplementary *197 proceedings as to the value of Evcco’s rolling stock and his acknowledgment that Modular had no alternative but to levy upon realty, elected a direct levy upon realty. This argument cannot succeed. An 1846 version of § 2A:17-1 provided for just such an election, allowing a judgment debt- or to require a sheriff to sell realty before personalty. See Raniere v. I & M Investments, Inc., 159 N.J.Super. 329, 334, 387 A.2d 1254, 1257 (Ch.Div.1978), aff'd per curiam, 172 N.J.Super. 206, 411 A.2d 719 (App.Div.1980). The election provision has, however, been subsequently deleted from § 2A:17-1. It is an established legal principle that amendment of an existing statute by deletion, addition, or substitution of provisions indicates a legislative intent to change the law. 1A J.G. Sutherland, Statutes & Statutory Construction § 22.01, at 168 (Sands 4th ed. 1985). By deleting the provision that made election possible, the New Jersey Legislature manifested its intention to eliminate any option the debtor might exercise. I would therefore conclude that § 2A:17-1 does not permit an election of the kind suggested by Modular.[1]
The majority draws a distinction between waiver and election and contends that a waiver is present here even if an election is not' possible. I do not dispute the validity of the majority’s distinction. Any confusion in earlier discussions or at oral argument most probably resulted from the fact that appellant, itself, apparently argued waiver and estoppel simultaneously. See Brief of Appellant at 34-37. Favorably interpreting appellant’s argument to assert both waiver and election, as does the majority, I nevertheless find no waiver.
The majority’s finding of a waiver is based in part on the twenty-month period between Modular’s levy and Evcco’s assertion of its right. The first twelve months of that period were spent in what all parties acknowledge was a real attempt to produce income that would render execution unnecessary. The next eight were arguably spent attempting to sell realty at a higher price than could be obtained at an execution sale so that more proceeds would be available for Modular. Evcco therefore cannot be said to have idly sat on its rights for the twenty-month period. This is simply not a case where Evcco acquiesced in Modular’s levy during the course of litigation and at a late point attempted to assert a right it could easily have asserted earlier. Rather, Evcco apparently tried during the twenty-month period to récover financially so that its § 2A:17-1 right would not have to be invoked. It is this effort by Evcco during the delay period to ensure that its rights would not be invoked that in part distinguishes this case from a proper waiver case.[2]
The majority’s finding of a waiver is also based in part on ambiguous statements made during unsworn deposition testimony. Although Charles Orlando apparently did represent that Evcco’s personalty was of minimal value, this statement cannot reasonably be interpreted as waiving Evcco’s right to require levy upon what personalty existed. Further, there is no evidence that Orlando knew of and intended to waive Evcco’s right by making the statement that Modular must “do what [it] ha[d] to do.” Under New Jersey law, a waiver must be knowing and voluntary, and must be manifested by a clear and unequivocal act. Country Chevrolet, Inc. v. Township of *198 North Brunswick Planning Bd., 190 N.J.Super. 376, 463 A.2d 960 (App.Div.1983); State v. Morgenstein, 147 N.J.Super. 234, 371 A.2d 96 (App.Div.1977). Orlando's statement is replete with ambiguity. Indeed, in the context of litigation, Orlando’s statement about the propriety of doing what was necessary, rather than implying waiver, could reasonably be interpreted as indicating that Orlando intended to do what he could do to protect Evcco’s interests, including ultimately asserting Evcco’s rights under § 2A: 17-1. As noted elsewhere, Evcco’s later activities were consistent with an effort to pay Modular back but did not necessarily manifest an intent to waive a right. As a result, I find the circumstances from which the majority infers a waiver simply too ambiguous to support such an inference. While I recognize that this is an extremely close and complex question, I believe it was Modular’s responsibility to proceed cautiously in an area of the law in which courts have obviously placed a premium on strict compliance.[3]
B.
Modular finally asserts that, even if it did not make the good-faith effort required by § 2A:17-1 and even if Evcco could not elect a direct levy upon realty or did not waive its right to demand a levy first on personalty, Evcco is estopped from invoking the section’s protection by its representations during the supplementary proceeding. While Orlando’s representations themselves appear misleading, I cannot conclude that they give rise to an estoppel under the circumstances of this case.
The doctrine of estoppel may be invoked by a party who (1) reasonably relies on the representation of another (2) to his detriment. In re Assmann, 19 B.R. 960 (Bankr.E.D.Pa.1982). For essentially the same reasons I conclude that Evcco did not waive its right under § 2A:17-1, I conclude that Evcco is not estopped from asserting its right under that section. First, Orlando’s ambiguous statements do not constitute a representation of forbearance upon which Modular could reasonably have relied. The statements, in themselves, do not suggest that Evcco intended to relinquish any of its statutory protection. Further, and equally significant, Evcco’s subsequent actions were consistent with an attempt to pay Modular back but not necessarily with an intention to relinquish its right. I therefore would find that a representation cannot reasonably be implied from Evcco’s actions. Since neither an express nor an implied representation that the statute would not be invoked is present here, I would conclude that Modular cannot properly claim estoppel.[4]
II.
For the foregoing reasons, I would affirm the district court’s judgment.

. The majority makes much of the desirability of the possibility of a choice between levy and execution first upon personalty and levy and execution first upon realty. Based in part on that supposed desirability, the majority concludes that levy and execution first upon realty should be permitted here. I am somewhat uncomfortable, however, with the prospect of a federal court, as it interprets a state statute, adopting a policy that appears at least at some level to have been rejected by the relevant state. I somewhat fear that, in the interests of what it perceives to be equity, the majority loses sight of its role.

. It is true that Modular afforded Evcco opportunities to extricate itself from its business difficulties. But this is best understood as a determination by Modular that such leniency was in its long-term financial interest because there was a reasonable probability that Evcco might rebound and fulfill its obligations. As a consequence, I would not characterize this as a case in which Modular altruistically refused to execute and Evcco, after a substantial period of inactivity, suddenly asserted a previously known right.

. The majority erroneously conflates my assertions concerning election and waiver. My conclusion that Evcco may not elect under § 2A:17-1 — i.e. my conclusion that Evcco may not choose between two alternatives arguably presented by § 2A:17-1 — is based on the deletion of the provision found in the 1846 version of the statute. My conclusion that Evcco did not waive its rights under § 2A:17-1 — i.e., my conclusion that Evcco did not voluntarily relinquish the protection provided by the section in its various interpretations — is based on the nature of Orlando’s statements and the nature of Evcco's conduct. Thus, an appropriate interpretation of my argument shows that I do not, as the majority suggests, "attempt[ ] to answer an assertion of waiver with an election argument." Maj. at 195 (emphasis in original). Further, and equally significant, an appropriate interpretation of my argument also shows that independent and proper bases support a finding for Evcco on the election and waiver issues.

. I do not find Evcco’s behavior to be exemplary. Since, however, Evcco's assets will almost certainly be divided among its creditors no matter how this case is resolved, the primary effect of the disposition of this action will be to establish the certainty with which a party must waive the protection of § 2A:17-1 and the circumstances under which a party may be estopped from invoking the protection of the section. Given the general New Jersey policy against levy upon real estate prior to levy upon personalty, I conclude that a more certain proof of waiver or estoppel should be made before the purposes of § 2A:17-1 are frustrated. Though the result I suggest might not initially appear to be entirely fair, such a result would inure ultimately to the benefit of those that § 2A:17-1 is clearly intended to protect.