In re David J. TASH, Sr., Debtor.

Bankruptcy No. 86–02237.

United States Bankruptcy Court, D. New Jersey.

Dec. 17, 1987.

Steven E. Mackey, Bathgate, Wegener, Wouters & Neumann, Lakewood, N.J., for debtor.

W. Richard Veitch, Selesky, Kolsky, Gerszberg & Veitch, New Brunswick, N.J., for Terril D. Baugher and Warren Wilhelm.

Peter J. Broege, Wood & Broege, Manasquan, N.J., for trustee.

## OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the Court's decision on the motion by Terril D. Baugher and Warren Wilhelm to have their claim against the debtor in the above case adjudged a secured claim. The movants obtained a judgment against the debtor on April 25, 1983 in the Superior Court of New Jersey in the amount of $11,464.73 plus costs. The movants then obtained a writ of execution, and delivered it to the Monmouth County Sheriff on a date which is not disclosed in the moving or opposing papers. On October 30, 1985, on instructions from the movant's attorney, the sheriff levied on real property owned by the debtor in Howell, New Jersey. However, a sale was apparently not conducted. On April 11, 1986 the debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

The debtor contends that the movants' claim is not secured since their levy is void under the case of *Raniere v. I & M Investment, Inc.*, 159 N.J.Super. 329, 387 A.2d 1254 (Ch.Div.1978), aff'd, 172 N.J.Super. 206, 411 A.2d 719 (App.Div.1980), cert den. 84 N.J. 473, 420 A.2d 1298 (1980).

■ A docketed judgment in the Superior Court, Law Division becomes a lien upon the judgment debtor's real property from the date of entry. N.J.S.A. 2A:16–1. It is the judgment, not the execution, which creates the lien. The writ of execution is merely the procedural means by which the creditor enforces the judgment. *In re Fornabai*, 227 F.Supp. 928, 931 (D.N.J.1964).

■ It is true that on the basis of *Raniere*, a trustee exercising the avoiding powers conferred by Code § 544 can avoid a levy upon a debtor's real property and take priority over a judgment creditor's lien unless the levy was properly effected under state law. *In re Silverman*, 6 B.R. 991 (D.N.J.1980); *In re Italiano*, 66 B.R. 468 (Bkrtcy.D.N.J.1986). However, in this case it is the debtor, not the trustee, who asserts the invalidity of the levy.

■ An individual debtor's right to exercise the trustee's avoiding powers is limited by Code § 522(h) as follows:

> The debtor may avoid a transfer of property of the debtor or recover a setoff *to the extent that the debtor could have exempted such property under subsection (g)(1) of this section* if the trustee had avoided such transfer, if—
>
> (1) such transfer is avoidable by the trustee under section 544, 545, 547, 548, 549, or 724(a) of this title or recoverable by the trustee under section 553 of this title; and
>
> (2) the trustee does not attempt to avoid such transfer. [emphasis added]

Under Code § 522(g)(1), the debtor may exempt property recovered by the trustee through the exercise of his avoiding powers, if the transfer was involuntary and the debtor did not conceal the property. However, the underscored language of Code § 522(h) clearly limits the benefit which an individual debtor may derive from the trustee's avoiding powers in a Chapter 13

case[1] to the exemptions available under Code § 522(b).

 Under Code § 522(f)(1), a debtor may avoid a judicial lien to the extent that it impairs exemptions. A "judicial lien" is defined by Code § 101(32) as a lien obtained by judgment, levy, sequestration or other legal or equitable process or proceeding. Thus the debtor in this case may avoid the movants' judgment lien to the extent it impairs his exemptions, regardless of whether the movants had properly levied on that judgment. However, Code § 522(h) prohibits the debtor from avoiding the movants' lien to the extent that it may attach to his interest in the subject property over and above the allowable amount of his exemptions.

It follows that the issue of the validity under New Jersey law of the movants' levy is irrelevant in this case. The debtor does not contend that the judgment is void, and it is the judgment which creates the lien. Because of Code § 522(f)(1), the debtor doesn't need the trustee's avoiding powers to preserve his exemptions from the movants' judgment lien, and beyond that he cannot go because of Code § 522(h).

The distinction created by Code § 522(h) between the avoiding powers of the trustee and those of the debtor reflects the differing purposes to be served. The purpose of the trustee's avoiding powers is to recover property for the estate to effect equality of distribution among creditors. The purpose of Code § 522 is to permit individual debtors certain limited exemptions from property of the estate. To hold that the debtor could exercise the full panoply of the trustee's avoiding powers, but for his own benefit and not the estate's, would be to greatly expand the scope of the exemptions created by Code § 522(b).

Code § 506(a) provides the standard for determining the extent to which a claim is secured. Such a determination cannot be made at this time, because no evidence has been submitted as to the value of the property, or as to the nature and extent of any other liens against or interests in the property. For that reason, the movants cannot meet their burden of proof, and their motion is denied. If and when such evidence is gathered, the judgment creditors may refile their motion. If the debtor then files a cross-motion under Code § 522(f)(1), the Court will be able to determine how much of the movants' claim is secured, and how much is unsecured. See *In re Jordan*, 5 B.R. 59 (Bkrtcy.D.N.J.1980) for the method of making such a calculation in such cases.

The attorney for the debtor will submit an order consistent with this opinion.

---

1. An individual debtor in possession in a Chapter 11 case, in the exercise of his fiduciary duties, can exercise the trustee's avoiding powers for the benefit of the estate. Compare Code § 1107 with Code § 1303. However, just as with a debtor in Chapter 13, the exercise of the trustee's avoiding powers by an individual debtor in Chapter 11 for his own benefit is subject to the limitations set forth in Code § 522(h).