583 A.2d 367

KEVIN SONDERMAN, PLAINTIFF–APPELLANT, v. REMINGTON
  CONSTRUCTION CO., INC. AND TOWNSHIP OF JACKSON,
  DEFENDANTS–RESPONDENTS, v. TOWNSHIP OF JACKSON,
  THIRD–PARTY PLAINTIFF, v. JOSEPH F. MARTONE, THIRD–
  PARTY DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued October 22, 1990—Decided November 26, 1990.

---

612

Before Judges ASHBEY and LANDAU.

*Joseph S. Georgiana* argued the cause for appellant (*Capehart & Scatchard,* attorneys; *Joseph S. Georgiana* on the brief).

*Joseph J. Garvey* argued the cause for respondent Township of Jackson (*Hiering and Hoffman,* attorneys; *Brian E. Rumpf* on the brief).

*Steven Pfeffer* argued the cause for respondent Remington Construction Co., Inc. (*Levin, Shea & Pfeffer,* attorneys; *Steven Pfeffer* on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

This is an appeal by Kevin Sonderman, plaintiff in an action brought in the Superior Court, Chancery Division, to quiet title to property located in the Township of Jackson known as Lot 15, Block 138-2. Defendants-respondents were the Township of Jackson and Remington Construction Co., Inc. (Remington). Following trial, judgment was entered denying the requested relief, subject to the requirement that the Township return the purchase price paid by Sonderman when the Township purported to convey Lot 15 to him by bargain and sale deed with covenant against grantor's acts on November 19, 1984.

Certain critical underlying facts are not in dispute:

1. Lot 15 had been owned by Remington in fee simple prior to June 29, 1983.

2. As a result of an *in rem* tax foreclosure, a final judgment was entered on June 29, 1983, which provided *inter alia* that fee simple ownership of Lot 15 passed to the Township.

3. Following acceptance of his bid at public sale in November 1983, Sonderman purchased the property from the Township for $13,600, received a bargain and sale deed on November 19, 1984, and duly recorded the same.

4. Prior to the November closing, an order had been entered on April 9, 1984 in the Chancery Division, Superior Court of Ocean County, on a *R.* 4:50-1 application by Remington, vacating that portion of the prior *in rem* judgment which vested title to Lot 15 in the Township, deleted it from the judgment, and declared that title to said premises was vested in Remington Construction Co., Inc.

It is also not disputed that the closing of title to Sonderman, the successful bidder for Lot 15, had been extensively delayed by reason of a general cloud on all property owned by the Township resulting from a judgment, the history of which is set forth in *Ayers v. Jackson Tp.*, 106 *N.J.* 557, 565-66, 525 *A.*2d 287 (1987). By the time this cloud was lifted as to Lot 15, the

1983 foreclosure judgment had been corrected by the April 9, 1984 Chancery judgment to delete Lot 15.

The principal basis advanced by the trial judge for declining the requested quiet title relief was that even if Sonderman was a bona fide purchaser for value, the Township could not convey more title than it had, and that the judgment of April 9, 1984, which had been duly recorded in the offices of the Clerk of Ocean County and the office of the Clerk of the Superior Court in Trenton, left the Township with no title to Lot 15.

The trial judge did not credit Sonderman's contention that applicable recording statutes required that the requested relief be granted, nor his contention that the April 9, 1984 judgment was defective because Sonderman was an indispensable party to Remington's application to vacate the *in rem* tax foreclosure judgment in light of his status as successful bidder.

We consider first Sonderman's argument that he is a bona fide purchaser for value without either actual or constructive notice because the April 1984 modification of the judgment which vested title in the Township was not recorded as a deed of conveyance in the Ocean County deed book. He relies upon *N.J.S.A.* 54:5–104.65 which states:

Upon the recording of a certified copy of such judgment in the office of the county recording officer, the plaintiff shall be seized of the estate in fee simple, in the lands described therein, absolute and free and clear of all liens and encumbrances, in accordance with the terms of said judgment.

*N.J.S.A.* 54:5–104.30(c) defines "county recording officer" as the "county officer in whose office deeds are recorded for the county...." Here, the Township had recorded the original *in rem* foreclosure judgment in the Ocean County book of deeds. Sonderman urges that as the April 1984 judgment was not similarly recorded by Remington in the book of deeds, *see N.J.S.A.* 46:16–1.1, he was not chargeable with notice of that judgment when the Township purported to convey Lot 15 to him in November 1984. Under *N.J.S.A.* 46:22–1, deeds and instruments of the nature set forth in *N.J.S.A.* 46:16–1 are void against subsequent recording bona fide purchasers for value

without notice, unless first duly recorded *or* lodged for record in the county recording office.

■■ However, the book of deeds is not the only record source involved in a diligent search for duly recorded judgments. There is an obligation imposed upon a purchaser to reasonably and diligently "search ... all dockets and records with regard to existence of liens and claims on and to real estate." *Gutermuth v. Ropiecki,* 159 *N.J.Super.* 139, 148, 387 *A.*2d 385 (Ch.Div.1977). A diligent searcher should search for judgments against owners in possession during the twenty years prior to the date on which a conveyance out is recorded. Lieberman, 13 *N.J.Prac.* 3rd Ed., *Abstract and Titles* § 1098 (1966). Indeed, Lieberman recommends that a judgment search should be continued through the *day after* any deed out of the person being searched is recorded. *Ibid.*

■ Even Sonderman's expert testified that a run-down search made immediately before closing would have revealed, through the chancery abstract, the April 1984 order which is a public record. Sonderman suggests that it is not the current practice of title searchers to search outside the county recorder title records to bring down their judgment searches to the date of closing, even where the property is sold by a municipality after an *in rem* tax foreclosure judgment secured over a year earlier. If so, the industry would do well to reconsider that questionable practice.

Here, on Remington's application in April 1984, the initial foreclosure judgment was deemed void from the outset for want of proper notice. *See Mennonite Board of Missions v. Adams,* 462 *U.S.* 791, 103 *S.Ct.* 2706, 77 *L.Ed.*2d 180 (1983).

The possibility that a *R.* 4:50–1 application may have been made and granted after a foreclosure judgment, or other judgment, should not be ignored by searchers. Applications such as exemplified by *Bergen–Eastern Corp. v. Koss,* 178 *N.J.Super.* 42, 427 *A.*2d 1132 (App.Div.), certif. granted, 87 *N.J.* 351, 434

*A*.2d 94 appeal dismissed, 88 *N.J.* 499, 443 *A*.2d 713 (1981), occur with some frequency in the Chancery Division.[1]

Although a judgment may be recorded as a deed, failure to do so is not fatal if the judgment has been properly recorded, as here, by both the County Clerk and the Clerk of the Superior Court.

We note that the record in this case does not involve egregious conduct by Remington which might give rise to an estoppel as in *Last v. Audubon Park Associates*, 227 *N.J.Super.* 602, 548 *A*.2d 236 (App.Div.1988), certif. den., 114 *N.J.* 491, 555 *A*.2d 613 (1989).[2] Thus, we are satisfied that the April 1984 judgment was valid, because of the unenforceability of the portions of the 1983 judgment which were void from the beginning.

We reject Sonderman's assertion that his successful bidder status rendered him an indispensable party to the application by Remington under *R.* 4:50–1 to set aside the void portion of the 1983 foreclosure judgment, to which Sonderman was not a party. First, the April 1984 judgment is not now

---

[1] In *Bergen–Eastern* we affirmed a trial court judgment which permitted an ailing widow to reopen a foreclosure judgment after the three-month period provided for in *N.J.S.A.* 54:5–87, and held, as we did in *New Shrewsbury Borough v. Block 115, Lot 4*, 74 *N.J.Super.* 1, 8–9, 180 *A*.2d 387 (App.Div.1962), that under the New Jersey Constitution, the judicial rule enunciated in *R.* 4:50 was to be given supremacy, as a matter of practice and procedure, over foreclosure statutes. *Bergen–Eastern* expanded upon the holding in *New Shrewsbury Borough* which itself made clear that the statutory time limitation would not bar an application to reopen judgment brought by reason of lack of jurisdiction or fraud. *See also*, as to the power of Chancery to reopen foreclosure judgments, although "with a marked degree of caution" where the equitable circumstances so warrant, *Crane v. Bielski*, 15 *N.J.* 342, 104 *A*.2d 651 (1954), and as to removal of judgment liens secured without proper jurisdiction, *Berger v. Paterson Veterans Taxi Service*, 244 *N.J.Super.* 200, 581 *A*.2d 1344 (App.Div.1990).

[2] *See also City of Newark v. Block 1854, Lots 15 & 17, South 7th Street, Chiquita Realty, Inc., and Roland Foglia*, 244 *N.J.Super.* 402, 582 *A*.2d 1006 (App.Div.1990).

before us for review and was not directly challenged by Sonderman after he learned of its entry. Next, Sonderman had not acquired title in April 1984, and indeed, because of the judgment lien in *Ayers*, his ability to do so was then open to question. Additionally, in the present matter the former Township Attorney testified on February 22, 1989 as to the evidence which had been presented in the 1984 proceedings which confirmed Remington's proof that proper notice of foreclosure had not been given, as required by *Mennonite, supra*. Without question, there was a substantial basis for the April 1984 judgment. Even had Sonderman participated, the most he could have raised was a possibility that Remington might have received actual notice, whereas the proofs from both Remington and the Township supported the showing of absence of requisite notice.

We also agree with the trial judge that the bargain and sale deed with covenant against grantor's acts given by the Township in November 1984 could not convey to Sonderman any more interest in Lot 15 than the Township had, even if Sonderman were not to be charged with notice of the judgment recorded by the Clerks of the County and Superior Court. By November 1984, the Township had no further interest in Lot 15.

Sonderman was entitled to be placed in the *status quo ante* and recover what he paid out. *See* the analogous decision in *Raniere v. I & M Investments, Inc.*, 172 *N.J.Super.* 206, 411 *A.2d* 719 (App.Div.), certif. den., 84 *N.J.* 473, 420 *A.2d* 1278 (1980). That is what the judgment under review has done.

Affirmed.