**In re Vincent HAYLES, Debtor.**

**Bankruptcy No. 96–30196.**

United States Bankruptcy Court,
D. New Jersey.

Sept. 6, 1996.

Eric J. Clayman, Jenkins & Clayman, Haddon Heights, NJ, for Debtor.

Marc Alan Krefetz, Deputy Attorney General, Trenton, NJ, for State of New Jersey, Division of Motor Vehicles.

### MEMORANDUM OPINION

STEPHEN A. STRIPP, Bankruptcy Judge.

This is the court's decision on a motion by the debtor Vincent Hayles (hereinafter "debtor") to reclassify a claim filed by the State of New Jersey, Division of Motor Vehicles (hereinafter "DMV"). This court has jurisdiction under 28 U.S.C. §§ 1334(b), 151 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), (K) and (L). The debtor's motion is granted. The following shall constitute the court's findings of fact and conclusions of law.

### FINDINGS OF FACT

The debtor filed a petition on January 11, 1996 for adjustment of his debts under chapter 13 of title 11, United States Code (hereinafter "Bankruptcy Code" or "Code"). The DMV filed a proof of claim on April 29, 1996 in the amount of $21,346 for motor vehicle surcharges. The proof of claim asserts that the claim is secured. No proof of the security was annexed. However, the proof of claim states that judgments were entered for the debt on 10/18/94 and 6/20/95.

The debtor then filed the subject motion to reclassify the claim from secured to unsecured. The debtor filed no brief. He relied on a certification of his attorney that argued that the DMV's claim is not secured by a statutory lien, but rather by a judicial lien which was unperfected by levy. The debtor cited no authority in the moving papers except for the New Jersey statute on which the DMV relies and Fed.R.Bankr.P. 3001(d), which provides that if a security interest is claimed, evidence of perfection of the lien must be filed with the proof of claim.

The DMV filed a letter brief in opposition. Annexed to the letter brief are two documents purporting to be certificates of indebtedness filed by the DMV with the Superior Court Clerk for docketing as judgments. The DMV argues that its surcharges are statutory liens which cannot be avoided.

The debtor filed a letter in reply citing *Matter of Blease*, 605 F.2d 97 (3d Cir.1979) for the proposition that the surcharges did not become liens because the DMV didn't levy on any of the debtor's property before the petition was filed.

### CONCLUSIONS OF LAW

#### I.

A proof of claim executed and filed in accordance with the Federal Rules of Bankruptcy Procedure is *prima facie* evidence of its validity. Fed.R.Bankr.P. 3001(f). If a claim is challenged, however, the burden of proof remains on the claimant. In this case the debtor properly noted that no proof of security was annexed to the proof of claim. The DMV replied by annexing to a letter brief two documents purporting to be copies of certificates of debt.

Annexing uncertified copies of documents to a brief, however, does not bring them into evidence. A sufficient foundation must be laid by a certification of a competent witness. Alternatively, in the case of a public record such as an instrument recorded as a judgment, self-authentication is possible under Fed.R.Evid. 902. As the record presently stands the DMV hasn't met its burden of proving that the two alleged certificates of indebtedness have been filed with the Superior Court of New Jersey and recorded as judgments. On the assumption, however, that this deficiency in the DMV's proofs could be rectified, the court will address the merits of the motion.

#### II.

The court will note in passing an issue regarding the debtor's standing to bring this motion. The debtor certainly has standing under Fed.R.Bankr.P. 3007 to challenge claims, including challenging the validity of liens for claims purporting to be secured. If

28

the court were to determine that this claim is secured, however, the debtor's standing to avoid a lien of the DMV would be limited to the circumstances set forth in Code section 522(h). *See In re Tash,* 80 B.R. 304, 305–06 (Bankr.D.N.J.1987). Since the debtor is not requesting avoidance of any lien, but is instead requesting a determination that no lien exists, analysis of Code section 522(h) is unnecessary here.

### III.

 The DMV claims it has a statutory lien which cannot be avoided. It relies on N.J.S.A. 17:29A–35(b)(2), which authorizes the DMV to file a certificate of indebtedness with the Clerk of the Superior Court for motor vehicle surcharges. The only provision the statute makes regarding lien status is that

> The docketing of the [surcharges] shall have the same force and effect as a civil judgment docketed in the Superior Court, and the director [of the DMV] shall have all the remedies and may take all of the proceedings for the collection thereof which may be had or taken upon the recovery of a judgment in an action. . . .

*Id.*

In other words, when docketed in the Superior Court, the DMV surcharge has the same force and effect as a civil judgment. In New Jersey a civil judgment is a lien on real property from the date it is docketed. N.J.S.A. 2A:16–1; *Matter of Blease,* 605 F.2d at 98. The debtor in this case did not schedule any ownership interest in real property which the lien of the surcharges could attach to.

To obtain a lien on personal property, however, a judgment creditor must levy. *Matter of Blease,* 605 F.2d at 98 n. 2. Since the DMV does not allege that it levied on any of the debtor's personalty, it has no lien.

For these reasons, the court does not have to determine whether the surcharge is a statutory lien or a judicial lien. Since the

State of New Jersey has determined by statute that docketed surcharges have the same force and effect as civil judgments, the DMV has no better status here than any other judgment creditor who had not levied when the petition is filed.

The court has considered the other arguments of the DMV and found them to be without merit.[1]

The motion is granted. The debtor is to submit an order within ten days under D.N.J.Bankr.Ct.R. 4(c).

---

1. The DMV also argues that it has the right to suspend the debtor's license for nonpayment of the surcharge. That right cannot be exercised, however, where the sole reason for the suspension is failure of a debtor in bankruptcy to pay a dischargeable surcharge. *In re Bill,* 90 B.R. 651, 657–658 (Bankr.D.N.J.1988).