**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-2996-16T1
A-2997-16T1

72 OAK STREET HOLDINGS, LLC,

    Plaintiff-Appellant,

v.

FRANK LEYRER and ANNA O. LEYRER,
his wife, their or either of
their heirs, devisees and
personal representatives, and
their or any of their successors
in right, title and interest,
and the STATE OF NEW JERSEY,

    Defendants,

and

NANCY LEYRER,

    Defendant-Respondent,

and

THOMAS STANOWSKI,

    Defendant/Intervenor-
    Respondent.

_____

Argued May 24, 2018 — Decided June 22, 2018

Before Judges Reisner, Gilson, and Mitterhoff.

On appeal from Superior Court of New Jersey, Chancery Division, Bergen County, Docket Nos. F-015048-13 and F-015049-13.

Keith A. Bonchi argued the cause for appellant (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel and on the briefs; Elliott J. Almanza, on the briefs).

John R. Edwards, Jr., argued the cause for respondent (Price, Meese, Shulman & D'Arminio, PC, attorneys; John R. Edwards, Jr., on the brief).

Plaintiff 72 Oak Street Holdings, LLC appeals from an October 6, 2016 order, granting defendant Nancy Leyrer's[1] motion to vacate a final judgment of foreclosure on her home; a November 4, 2016 order, denying plaintiff's motion for reconsideration; a February 16, 2017 order, requiring Nancy to reimburse plaintiff for counsel fees, insurance premiums, and the title insurance fee, as a condition of redemption; and a February 16, 2017 order permitting Nancy's fiancé, Thomas Stanowski, to intervene in the matter on her behalf to redeem the property.[2] Finding no abuse of discretion in any of the orders, we affirm.

---

[1] Because the Leyrer defendants all have the same last name, we will refer to them by their first names, for clarity and intending no disrespect.

[2] Nancy filed a motion to supplement the record with a certification attesting that Stanowski used her funds to redeem the property. In response, plaintiff clarified that it was not challenging the merits of the February 16, 2017 redemption order,

A-2996-16T1

Plaintiff did not obtain a stay of the orders, and it is undisputed that the property has since been redeemed. Thus, plaintiff has been repaid for its investment in the tax sale certificates, with eighteen percent interest, plus reimbursement of insurance premiums, title insurance fees, and over $5000 in counsel fees. Nonetheless, plaintiff has pursued this appeal, seeking to divest Nancy of her home, or in the alternative, seeking an additional counsel fee award.

Nancy's parents, Anna and Frank Leyrer, had owned their family home on Chestnut Street in Washington Township for about seventy years. They also owned an adjoining wooded lot. Plaintiff purchased tax sale certificates on the properties, filed foreclosure complaints on May 3, 2013, filed amended complaints on November 13, 2014, and obtained default judgments on August 6, 2015. When the foreclosure complaints were filed in 2013, Anna and Frank were deceased. Nancy was living in the Chestnut Street house and received her mail there. Nonetheless, the original foreclosure complaints did not name Nancy as a defendant, instead referring in generic fashion to the unknown "heirs, devisees and personal representatives" of Frank and Anna.

---

but rather was appealing only to obtain relief from the order in the event we reverse the order vacating the default judgment. Nonetheless, we have granted Nancy's motion to ensure a complete record.

A-2996-16T1

Plaintiff claimed that attempts at personal service on Nancy failed because she evaded service and refused to answer the door when the process server knocked. Plaintiff therefore contended that mailed service of the complaints, naming unknown parties, was sufficient. Nancy denied evading service and attested that the process server's affidavit was false.[3]

The trial court vacated the final judgments because plaintiff's initial foreclosure complaints failed to include Nancy as a named defendant, and plaintiff failed to attempt personal service on Nancy after amending the complaints to include her as a named defendant. In so ruling, the court considered plaintiff counsel's admission, at oral argument, that when plaintiff initially attempted personal service on Nancy, it was in her capacity "as a representative of the estate." The judge concluded that, when the complaint was amended to include Nancy, by name, in her personal capacity, rather than as an unnamed fiduciary, plaintiff was obligated to serve her personally with the amended complaint. The judge also found insufficient evidence that Nancy

---

[3] Nancy's brief asserts that the affidavits of service, used to support the entry of default, were invalid because they were not actually signed by the process server. Instead, they were signed by someone else, under a power of attorney purporting to generally authorize the process server's employer to sign his name to affidavits of service. We will not address the propriety of this procedure, because the issue was noted in the statement of facts but not included in the argument section of the brief.

A-2996-16T1

evaded personal service of the original complaint. He therefore rejected plaintiff's argument that an attempt to personally serve her with the amended complaint would have been futile.

Our review of a trial court's decision to vacate a final judgment pursuant to Rule 4:50-1 is limited. We will affirm the trial court's decision, absent "a clear abuse of discretion." US Bank Nat. Ass'n v. Guillaume, 209 N.J. 449, 467 (2012); see also M & D Assocs. v. Mandara, 366 N.J. Super. 341, 350 (App. Div. 2004). We review for abuse of discretion a judge's decision whether to assess counsel fees or other conditions when vacating a judgment under Rule 4:50-1. ATFH Real Prop., LLC v. Winberry Realty P'ship, 417 N.J. Super. 518, 528 (App. Div. 2010). We will not second-guess a trial court's decision as to the amount of a fee award, except in the rarest case and only where there is a clear abuse of discretion. See Rendine v. Pantzer, 141 N.J. 292, 317 (1995). We review the trial court's denial of a reconsideration motion for abuse of discretion. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

We must consider these principles in reviewing the trial court's decision of a motion to vacate a tax sale foreclosure:

> An application to vacate a judgment based on R. 4:50-1 is within the sound discretion of the trial court and "should be guided by equitable principles in determining whether relief should be granted or denied." The

application is "viewed with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result is reached." In the tax sale certificate foreclosure context considerations of public policy and equity are also taken into account.

[M & D Assocs., 366 N.J. Super. at 350 (citations omitted).]

Moreover, in cases involving tax sale foreclosures, where a plaintiff may obtain a huge windfall at a defendant's expense, the court should hold the plaintiff to strict compliance with procedural rules. To that end, the court should closely scrutinize the plaintiff's affidavit of diligent inquiry.

[W]here there is substituted service, as well as a tremendous disparity between the amount due on the tax certificates and the value of the property subject to foreclosure (here approximately $4,500 versus potentially $100,000 to $200,000 for the property), careful scrutiny of the affidavit of inquiry requires the Chancery Judge to demand more than cursory inquiries or recitals not only as a matter of due process, but also of fundamental fairness. The Chancery Judge in such foreclosure cases should be alerted when the face of the documentation indicates that a significant windfall might result if adequate scrutiny of the affidavit of inquiry is not undertaken.

[Id. at 354 (citation omitted).]

Rule 4:26-5(b), permitting a foreclosure plaintiff to name unknown heirs and representatives, requires the same proof of diligent inquiry that Rule 4:4-5(a)(3) requires for substituted service.

After reviewing the record, we find no abuse of the trial court's discretion in granting the motion to vacate the foreclosure judgments.[4]  There was at least prima facie evidence before the trial court that foreclosure would result in both an enormous windfall for plaintiff and a draconian loss for Nancy of her house, which had been her family's home for seventy years.  On the record in the trial court, plaintiff admitted it did not name Nancy as a defendant in her personal capacity until it filed the amended complaint.  Nor did the original complaint include her name at all.  And plaintiff made no effort to personally serve Nancy with the amended complaint pursuant to Rule 4:4-4(a), although she was being added as a party.

We also agree with Nancy's argument that plaintiff did not make a diligent inquiry before naming fictitious parties in the original complaint.  See R. 4:26-5(b) (permitting plaintiff to name "unknown heirs, devisees or personal representatives" if

---

[4]  We agree with the trial judge that Nancy's motion was properly deemed as filed within the one-year time limit set forth in Rule 4:50-2.  Within one year of the foreclosure judgments, Nancy filed a complaint in General Equity seeking to undo the foreclosure judgments and redeem the property.  The General Equity judge dismissed that complaint without prejudice, reasoning that the proper procedure was to file a motion in the foreclosure case rather than filing a new complaint.  We find no abuse of discretion in the judge's equitable decision to treat Nancy's subsequent foreclosure motion as relating back to the filing date of her complaint.

A-2996-16T1

their names and addresses cannot be determined after diligent inquiry). Therefore, plaintiff's reliance on Rule 4:26-5, raised for the first time in its reconsideration motion, was unavailing. Even if the original complaint were deemed to name Nancy as an unknown heir, it did not comply with the Rule.

The generalities in the motion certification of plaintiff's former counsel do not satisfactorily explain why the complaint did not list Frank and Anna's known relatives, and specifically Nancy, by name. See M & D Assocs., 366 N.J. Super. at 353-55. A comprehensive internet report, obtained before the complaint was filed, revealed that "Nancy Leyrer" was living at the Chestnut Street house, the same address associated with "Frank Leyrer." A later internet search revealed that Nancy was a "first degree" relative of Frank and Anna and was about thirty years younger than Anna. On the reconsideration motion, plaintiff's manager, Howard Rothschild, certified that plaintiff "came to believe" that Nancy was an heir, but did not explain how or when plaintiff arrived at that belief and why it was not capable of obtaining that information before the complaint was filed.

Plaintiff argues that once a defendant, designated only as an unknown heir, has been personally served, or served by mail if personal service cannot be made, Rule 4:26-5(e) permits subsequent amended complaints to be served on that defendant by mail only.

That argument is unavailing here. If a defendant is not properly designated as an unknown heir under Rule 4:26-5(b), then Rule 4:26-5(e) does not excuse the failure to personally serve that defendant when the complaint is later amended to list her by name. Plaintiff's reliance on Farrell v. Votator Division of Chemetron Corporation, 62 N.J. 111 (1973), is misplaced, because in that case the plaintiff properly employed fictitious pleading. Id. at 120.

Additionally, Nancy's certification in support of the motion to vacate the judgments provided evidence of excusable neglect for her failure to open mailed notices from plaintiff. That evidence included her physical and mental health issues, and her efforts to care for her dying brother and other ailing relatives. See R. 4:50-1(a); Bergen-Eastern Corp. v. Koss, 178 N.J. Super. 42, 45-46 (App. Div. 1981). Further, Nancy had the ability to redeem the property with her own funds, and did so when given the opportunity. Id. at 46.

For all of the above reasons, we find no abuse of the trial judge's discretion in granting Nancy's motion to vacate the final

foreclosure judgments.[5]   See M & D Assocs., 366 N.J. Super. at 350.

Finally, Nancy agreed to pay plaintiff more than $12,000 in counsel fees, insurance premiums and other costs, as a condition of vacating the default.  We find no abuse of the trial court's discretion in denying plaintiff's application for thousands of dollars in additional counsel fees.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[5]  Any arguments not specifically addressed are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

A-2996-16T1