**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1313-22

ARIANNA HOLDING
COMPANY, LLC,

     Plaintiff-Appellant,

v.

RAYMOND R. DOOHALUK
and MICHELE A. DOOHALUK,
his wife,

     Defendants-Respondents.

_____

Argued November 1, 2023 – Decided November 17, 2023

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Mercer County, Docket No. F-001885-22.

Elliott J. Almanza argued the cause for appellant (Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill, attorneys; Keith A. Bonchi, of counsel and on the briefs; Elliott J. Almanza, on the briefs).

Robert G. Swan argued the cause for respondents (Law Office of Robert G. Swan, LLC, attorneys; Robert G. Swan, on the brief).

PER CURIAM

Plaintiff Arianna Holding Company, LLC appeals from a November 9, 2022 order vacating the entry of a final default judgment of foreclosure of a tax sale certificate against defendants Raymond and Michele Doohaluk and a January 3, 2023 order dismissing plaintiff's complaint with prejudice. We affirm.

We discern the following relevant facts and procedural history from the record before the trial court. Since 1985, defendants have owned the subject property located in Hamilton Township. Plaintiff's assignor, Phoenix Funding, Inc., (Phoenix) purchased a tax sale certificate representing the unpaid 2019 real estate taxes and sewer charges on the property. In January 2022, Phoenix sent defendants several notices of intent to foreclose. Defendants did not respond to the notices or pay the debt.

On March 4, 2022, Phoenix filed a complaint against defendants. On June 9, 2022, an order was entered allowing Arianna Holding Company, LLC to substitute for Phoenix as plaintiff in the litigation.

A-1313-22

On August 25, 2022, a default judgment of foreclosure was entered against defendants.  On September 8, 2022, defendants received a copy in the mail and then retained an attorney.

On September 23, 2022, defendants filed a motion to vacate the judgment through their counsel.  The moving papers included a certification from Raymond[1] stating that he suffers from multiple medical conditions including an inoperable brain tumor and multiple sclerosis.  Raymond certified he is a thirty-year insulin-dependent diabetic and has attended innumerable medical appointments.  He has also spent significant time in the hospital and in rehabilitation centers to relearn speech and motor skills that had been impacted by his brain tumor.  Raymond has continued to receive ongoing treatment for numerous complications caused by the brain tumor and certified that his mental condition is "tenuous at best."  He also certified to being permanently unable to function efficiently and "barely able to cope" with daily living.  Raymond was sixty-seven years old at the time he executed his certification.

Raymond stated he did not recall being formally served with legal documents commencing this litigation.  Although both defendants acknowledge

---

[1]  Since defendants share a surname, we refer to them individually by their first names for clarity of the record and ease of the reader.  By doing so, we intend no disrespect.

at some point they received notice, Raymond certified the first time he had knowledge that the foreclosure proceeding concerned their thirty-seven year residence was upon receipt of the default judgment on September 8, 2022. Raymond believed the previous notices pertained to a separate tax foreclosure action involving his deceased parents' residence.

Raymond certified that at all times defendants had the funds necessary to pay off the tax sale certificate but they did not receive notice of a final date on which they had to pay the taxes or a specific amount due. Raymond stated that defendants offered to pay all amounts necessary to make plaintiff whole should the default judgment be vacated, including counsel fees.

Plaintiff opposed the motion and asserted that defendants were served with the complaint along with other notices. According to plaintiff, Michele signed several certified mailings and the regular mail sent to defendants was not returned to plaintiff as undeliverable. Both defendants disputed signing for any certified mail.

Following argument on November 4, 2022, the trial court rendered an oral decision granting defendants' motion to vacate the final judgment. The court found defendants were served with the notices regarding this action since the record established service was accomplished by regular and certified mail.

A-1313-22

However, the court found defendants had satisfied their burden to justify vacating the judgment due to their difficulties in handling daily living caused by Raymond's medical issues and their confusion between the two pending foreclosure matters. The court found that the predicates for vacating the default judgment under Rule 4:50-1(a) and (f) were satisfied.

On November 9, 2022, the trial court memorialized its decision in a written order which vacated the judgment, gave defendants ten days to pay the outstanding taxes owed on the property, and directed defendants to reimburse plaintiff's counsel fees within twenty-one days. Defendants complied with the order. On January 3, 2023, the court entered an order of involuntary dismissal with prejudice pursuant to Rule 4:64-6(b).

On appeal, plaintiff argues that the trial court erred in vacating the default judgment under Rule 4:50-1(a) based upon excusable neglect and Rule 4:50-1(f) exceptional circumstances. Plaintiff further asserts the court erred in granting defendants equitable relief based on "unclean hands" because they misrepresented their knowledge of the foreclosure proceedings to the court.

N.J.S.A. 54:5-87 allows the filing of an application to vacate a judgment entered in an action to foreclose the right of redemption within three months from entry of the judgment. BV001 REO Blocker, LLC v. 53 W. Somerset St.

Props., LLC, 467 N.J. Super. 117, 128 (App. Div. 2021) ("We have interpreted N.J.S.A. 54:5-87 to permit relief from judgment, within three months, for any reason enumerated in Rule 4:50-1. . . ."). Defendants' motion to vacate the default judgment was filed on September 25, 2022, within the three month statutory deadline.

We review a motion to vacate a final judgment for abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). A trial court's determination under Rule 4:50-1 "warrants substantial deference, and should not be reversed unless it results in a clear abuse of discretion." Ibid. "The Court finds an abuse of discretion when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Id. at 467-68 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

"A motion to vacate default judgment implicates two oft-competing goals: resolving disputes on the merits, and providing finality and stability to judgments." BV001, 467 N.J. Super. at 123. In order to balance these goals, the court must approach opening default judgments "with great liberality, and every reasonable ground for indulgence is tolerated to the end that a just result

6

is reached." Marder v. Realty Constr. Co., 84 N.J. Super. 313, 319 (App. Div. 1964).

To achieve this end, the burden to prove the right to relief rests with the movant, "[a]ll doubts, however, should be resolved in favor of the parties seeking relief." Mancini v. EDS ex rel. N.J. Auto. Full Ins. Underwriting Ass'n, 132 N.J. 330, 334 (1993). "Ultimately, 'equitable principles' 'should . . . guide[]' a court's decision to vacate a default judgment." BV001, 467 N.J. Super. at 124 (alteration in original) (quoting Hous. Auth. of Morristown v. Little, 135 N.J. 274, 283 (1994)).

After a careful review of the record and applicable law, we conclude that the trial court's order vacating the default judgment of foreclosure was not an abuse of discretion. Rule 4:50-1(a) allows for relief from a judgment where there is "mistake, inadvertence, surprise, or excusable neglect." We have defined excusable neglect as "a situation where the default was 'attributable to an honest mistake that is compatible with due diligence or reasonable prudence.'" Romero v. Gold Star Distrib., LLC, 468 N.J. Super. 274, 298 (App. Div. 2021) (quoting U.S. Bank, 209 N.J. at 468).

In granting relief to defendants, the trial court relied upon our decision in Bergen-Eastern Corp. v. Koss, 178 N.J. Super. 42 (App. Div. 1981). In Bergen-

Eastern, a final judgment was entered which precluded the defendant's right of redemption and vested fee simple title in the plaintiff. Id. at 44. The defendant was a seventy-four-year-old widow who had a history of psychiatric problems with several hospitalizations for mental illness. Id. at 45. The trial judge did not find the defendant was incompetent but concluded the defendant's inaction was the result of inadvertence, mistake or excusable neglect because she failed to understand the importance of the foreclosure action. Id. at 46. The trial judge entered an order vacating the judgment on the condition that the defendant pay the outstanding balance. Ibid. On appeal, we affirmed and determined the trial court did not abuse its discretion in finding excusable neglect under these circumstances pursuant to Rule 4:50-1(a). Ibid.

Likewise, the trial court here concluded the standard of excusable neglect under Rule 4:50-1(a) was satisfied without finding that the proofs established Raymond was incompetent. Plaintiff mistakenly concludes the trial court's finding of excusable neglect was improper since defendants did not offer expert opinion that Raymond was incompetent. See, e.g., In re Conroy, 98 N.J. 321, 382-83 (1985) (establishing that the inability to "understand the information conveyed" due to a medical condition is an example of incompetence under the

law).  We disagree and reject plaintiff's argument that the trial court abused its discretion in relying on our prior decision in Bergen-Eastern.

Other decisions of this court support the trial court's determination that defendants' neglect was excusable under the circumstances.  See Tradesmens Nat'l Bank & Tr. Co. v. Cummings, 38 N.J. Super. 1, 5 (App. Div. 1955).  In Tradesmens, the seventy-seven-year-old defendant was mourning his wife's death and helping his son recover from brain surgery when he was served with the plaintiff's complaint.  Id. at 4.  The defendant did not file an answer since he thought that the complaint pertained to other tax foreclosure matters against his real estate business and his mind was preoccupied with personal challenges.  Ibid.  We concluded that the trial court did not abuse its discretion by finding excusable neglect sufficient to vacate the default judgment based upon the multitude of tax foreclosure documents received coupled with the defendant's mental state.  Id. at 5.

Similar to the circumstances before us in Tradesmens, defendants here were juggling multiple health issues as well as other tax foreclosure proceedings.  Plaintiff did not oppose the facts set forth in Raymond's certification with any contrary proofs, and submitted at oral argument before the trial court that its position would not be altered if medical records substantiating

9                                                                         A-1313-22

Raymond's condition were provided. Plaintiff has not established acceptance of Raymond's unopposed certification was so offensive to the interests of justice that we are compelled to set aside the trial court's discretionary determination.[2]

We also conclude that the trial court did not abuse its discretion in granting defendants relief under Rule 4:50-1(f). Subsection (f) allows a judgment to be vacated for "any other reason justifying relief from the operation of the judgment or order" when exceptional circumstances are present. Baumann v. Marinaro, 95 N.J. 380, 394 (1984). "Our courts have long adhered to the view that subsection (f)'s boundaries 'are as expansive as the need to achieve equity and justice.'" Ridge at Back Brook, LLC v. Klenert, 437 N.J. Super. 90, 98 (App. Div. 2014) (quoting Court Inv. Co. v. Perillo, 48 N.J. 334, 341 (1966)). In BV001, we reversed and remanded a trial court order denying the defendant's request to vacate under Rule 4:50-1(f), finding the trial court

---

[2] Plaintiff does not oppose defendants' assertion that they had the funds to pay the balance owed on the tax sale certificate and did in fact make the payment immediately after the default judgment was vacated and does not argue that there is no meritorious defense to the foreclosure action as required to obtain relief under Rule 4:50-1(a). See Hous. Auth. of Morristown, 135 N.J. at 284; BV001, 467 N.J. Super. at 125 n. 3 (stating that the requirement of a meritorious defense ensures that there will be a different outcome achieved by vacating the default, and that "[c]ertainly, redemption would change the result otherwise achieved by default").

A-1313-22

"discounted the equitable principles that favor granting the motion, mistakenly concluding that if defendant lacked a defense to the tax sale or the right to foreclose, defendant was not entitled to relief from the judgment and to a chance to redeem." BV001, 467 N.J. Super. at 124, 130.

The extraordinary circumstances in the motion record before the trial court are a sufficient basis for application of Rule 4:50-1(f). The record establishes that defendants owned and lived in the property for nearly thirty-seven years, and that a unique combination of medical issues and confusion over two separate foreclosure proceedings in the same general time frame warranted equitable relief.

Defendants' promptness in moving for relief after receipt of the judgment also supports their request. "The competing goal of promoting finality does not loom so large when the ink has barely dried on the final judgment. At that early stage, 'a plaintiff's expectations regarding the legitimacy of the judgment and the court's interest in the finality of judgments are at their nadir.'" BV001, 467 N.J. Super. at 127 (quoting Reg'l Constr. Corp. v. Ray, 364 N.J. Super. 534, 545 (App. Div. 2003)).

We reject plaintiff's assertion that defendants are not entitled to equitable relief because they come to the court with "unclean hands." Plaintiff argues

11

defendants' assertions that they confused the two properties facing foreclosure are specious since the complaints were docketed under different captions, prosecuted by different firms, were finalized on different dates, and contained a header bearing the property address.  We conclude, under the liberal standard governing this application, the trial court did not abuse its discretion in accepting Raymond's certification setting forth his substantial medical issues and resulting difficulty coping with daily life caused defendants to be confused about the notices from the two foreclosure proceedings.

The trial court's entry of the order of involuntary dismissal was consistent with New Jersey law.  Rule 4:64-6(b) requires that the complaint be dismissed after the property has been fully redeemed.  The trial court's decision to condition vacating the judgment on full redemption and payment of plaintiff's counsel fees and costs was proper based upon defendants' voluntary submission and our prior decisions.  See Reg'l Constr., 364 N.J. Super. at 543.  Neither party has raised an argument that the payment terms were contrary to law.[3]  The

---

[3]  We have considered the recent decision of the Supreme Court of the United States in Tyler v. Hennepin Cnty., 598 U.S. 631, 635-36 (2023), where the Court addressed the constitutionality of redemption of certain tax sale certificates.  The constitutional analysis in Tyler relates to the value assigned to the tax sale certificate under the Takings Clause and is not applicable to the facts of this case.  Ibid.

involuntary dismissal with prejudice was statutorily required since defendants

fully redeemed the property after the default judgment was vacated.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1313-22